

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. AP-76,801 and AP-76,802

### EX PARTE WILLIAM CHARLES DENTON, Applicant

### ON APPLICATIONS FOR WRIT OF HABEAS CORPUS FROM HENDERSON COUNTY

JOHNSON, J., delivered the opinion of the Court in which PRICE, WOMACK, KEASLER, HERVEY, COCHRAN, and ALCALÁ, JJ., joined. KELLER, P.J., filed a concurring opinion. MEYERS, J., filed a dissenting opinion.

## O P I N I O N

In each of two causes, a grand jury indicted applicant for both aggravated robbery and aggravated assault of a named complainant. A petit jury convicted him of all counts and sentenced him to concurrent terms of twenty-five years' imprisonment for each aggravated robbery and twenty years' imprisonment for each aggravated assault.

Applicant asserts that convictions for both aggravated robbery and aggravated assault of each complainant violate the prohibition against double jeopardy. He also asserts that counsel provided ineffective assistance of counsel by failing to object to the double-jeopardy violation in the trial court or to raise it on direct appeal and for failing to preserve for appellate review a claim regarding the

trial court's denial of a self-defense instruction.  We grant relief.

On May 16, 2012, we refused review of applicant's claim regarding the self-defense instruction, but we ordered that the applications be filed and set for submission on the remaining issues.

> (1)  Whether Applicant's convictions in each cause for both aggravated robbery and aggravated assault against the same complainant during the same criminal episode constitutes a violation of the prohibition against double jeopardy;
>
> (2)  Whether the alleged violation may be remedied in this habeas proceeding or is procedurally defaulted because no objection was raised before the trial court; and
>
> (3)  Whether, if the claim is procedurally defaulted, trial counsel's failure to object or appellate counsel's failure to raise the claim constituted deficient representation resulting in harm to Applicant.

Pursuant to our order, applicant has filed a brief addressing these claims.  The district attorney has submitted a letter that acknowledges receipt of applicant's brief and states that "[t]he State of Texas does not intend to file a brief in this case."  We shall therefore address these claims without the benefit of a brief from the state.

The records from various proceedings below reflect that, in 2005, the two complainants went to applicant's residence.  While there, the complainants were assaulted and robbed by applicant and two other men.  *Denton v. State*, Nos. 12-06-00003-CR and 12-06-00004-CR, 2007 Tex. App. LEXIS 1706 (Tex. App.–Tyler, pets. ref'd).  Each of the two indictments at issue here charged applicant with one count of aggravated assault and one count of aggravated robbery.  The jury found him guilty of all four charges, with the sentences to run concurrently.  The court of appeals affirmed the trial court's judgment.  We refused applicant's petitions for discretionary review.  *Denton v. State*, PD-0779-10 and PD-0780-10 (Tex. Crim. App., pet. ref'd August 25, 2010).

In these applications for habeas corpus, applicant asserts that the convictions for both aggravated robbery of and aggravated assault on each complainant violated his constitutional protections against double jeopardy.[1]

Each indictment alleges, in different counts, two specific offenses. Indictment number B-13,723 alleges that applicant committed the offenses of aggravated robbery and aggravated assault against complainant "N. Moore," while indictment number B-13,724 alleges that applicant committed the offenses of aggravated robbery and aggravated assault against complainant "H. Foster." All of the offenses in both indictments were alleged to have been committed by applicant on or about the 18th day of March 2005.

The habeas court's findings of fact, which are undisputed by the parties, reflect that on March 18, 2005, the complainants went to applicant's residence. Applicant lived in a mobile home that sat in his mother's backyard and which had an attached shed that was furnished and served as his bedroom.[2] The complainants went to the shed to collect a debt owed to Moore by applicant from a previous sale of methamphetamine. *Denton v. State*, *supra* at *1. While they were inside the shed, the complainants were assaulted and robbed by applicant and two other men. *Id*. The opinion of the court of appeals noted that the complainants were strip-searched and told to turn over their belongings, that applicant fired a gun into a wall of the shed, and that Moore had been shot in the leg by one of the other two men. *Id*. at **18-19. After the complainants turned over their belongings, they were allowed to leave, with applicant escorting Moore out and warning him not to

---

[1] *Ex parte Parrott*, No. AP-76,647, 2013 Tex. Crim. App. Unpub. LEXIS 45 (January 9, 2013), is inapplicable to the issues raised in this review because it concerned an illegal sentence, while this case raises that issue of double jeopardy.

[2] *Denton v. State*, *supra* at *1.

return. The complainants' possessions were never returned to them. *Id*. at \*19. *See also* Habeas Court's Findings of Fact and Conclusion of Law. Neither indictment alleged that Moore had been shot, but each indictment alleges both (1) threatening or placing the named complainant in fear by using or exhibiting a firearm and (2) threatening the named complainant by firing a firearm in the room where each complainant was.[3]

Applicant argues that his convictions for both aggravated robbery and aggravated assault of the same person during a single transaction constitute multiple punishments for the same offense, in violation of the constitutional prohibition against double jeopardy. He asserts that, since the double-jeopardy clause prohibits multiple punishments for the same offense, two of his convictions and resulting punishments are prohibited.

Applicant asserts that the evidence shows that taking Moore's and Foster's belongings was his sole objective and that his assault of Moore and Foster was in furtherance of that single objective, with the firing of a weapon simply being "just a step along the way." He maintains that the state "parsed what was in reality a single aggravated robbery into two separate crimes," resulting in two

---

[3] The trial court's conclusions of law are not supported by the record. The undisputed findings of fact note that "William Denton fired a gun into a wall of the shed, either to break up the fight [between Moore and Denton's co-defendant] or to encourage Moore and Foster to turn over their belongings. There were further discussions, and Nicholas Moore attempted to pick up his belongings from the floor. After additional arguing, [co-defendant] shot Nicholas Moore in the leg with a handgun."

The two indictments are identical except for the name of complainant. They allege in Count I that applicant did, "while in the course of committing theft of property and with intent to obtain or maintain control of said property, intentionally and knowingly, threaten or place [complainant] in fear of imminent bodily injury or death and the defendant did use or exhibit a deadly weapon, to-wit: a firearm." In Count II, each indictment alleges that applicant did "intentionally and knowingly threaten [complainant] with imminent bodily injury by firing a firearm in the room where [complainant] was and the defendant did then and there use or exhibit a deadly weapon, to-wit: a firearm during the commission of said assault." The trial court's conclusions of law do not address the bone of contention in this case–whether the robbery alleged in Count I encompasses the aggravated assault alleged in Count II. Rather, the trial court concluded that there had been two assaults, close in time, but separate incidents. The findings of fact support that the fight and/or the shot into the wall and the shot into Moore's leg were both intended to encourage the complainants to turn over their belongings, that is, as part of the robbery.

punishments for a single assaultive event and a double-jeopardy violation because jeopardy principles permit only one punishment per complainant. Brief of Applicant at 15.

## I. Cognizability

We begin by addressing the second of the issues that we filed and set for submission, which asks whether the alleged violation may be remedied in a habeas proceeding or is procedurally defaulted because no objection was raised in the trial court.

We have previously addressed such claims via writ of habeas corpus application. *See*, *e.g.*, *Ex parte Cavazos*, 203 S.W.3d 333 (Tex. Crim. App. 2006); *Ex parte Hawkins*, 6 S.W.3d 554 (Tex. Crim. App. 1999); *Ex parte Ervin*, 991 S.W.2d 804 (Tex. Crim. App. 1999). Because of the fundamental nature of the double-jeopardy protections, a double-jeopardy claim may be raised for the first time on appeal or on collateral attack if two conditions are met: 1) the undisputed facts show that the double-jeopardy violation is clearly apparent on the face of the record; and 2) when enforcement of the usual rules of procedural default serves no legitimate state interest. *Langs v. State*, 183 S.W.3d 680, 687 (Tex. Crim. App. 2006); *Gonzalez v. State*, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000).

A double-jeopardy claim is apparent on the face of the trial record if resolution of the claim does not require further proceedings for the purpose of introducing additional evidence in support of the double-jeopardy claim. *Ex parte Knipp*, 236 S.W.3d 214, 216, n.3 (Tex. Crim. App. 2007); *Gonzalez v. State*, 8 S.W.3d at 643. In this case, there is no need for such expansion of the record because the writ record contains all of the information needed to address the merits of the double-jeopardy claim. If we find that there is a double-jeopardy violation, the remedy will be to vacate one of the convictions; no additional proceedings will be required. *Ex parte Cavazos*, 203 S.W.3d at

337. While the state may have an interest in maintaining the finality of a conviction, we perceive no legitimate interest in maintaining a conviction when it is clear on the face of the record that the conviction was obtained in contravention of constitutional double-jeopardy protections. "Society's interest, of course, is not simply to convict the guilty. Rather its interest is 'in fair trials designed to end in just judgments.'" *Oregon v. Kennedy*, 456 U.S. 667, 682, n.7 (1982) (quoting *Wade v. Hunter*, 336 U.S. 684, 689 (1949)). *See also, United States v. Broce*, 488 U.S. 563, 589 (1989) (Blackmun, J., dissenting) (no legitimate interest in punishing defendants twice for the same conduct); *Green v. Ohio*, 455 U.S. 976, 979 (1982) (White, J., dissenting) ("The interests served by the finality requirement, though important, do not outweigh petitioner's interest in receiving the full protection afforded by the Double Jeopardy Clause and avoiding the irreparable injury of a second trial.")

We recently held that, "[w]hen a double-jeopardy violation has occurred, a writ of habeas corpus is a proper venue through which to challenge the error." *Ex parte Milner*, No. AP-76,481, 2013 Tex. Crim. App. LEXIS 418, *9 (Tex. Crim. App. 2013). We likewise hold here that applicant's claim of a double-jeopardy violation may be addressed and remedied in a habeas corpus proceeding.

## II. Double Jeopardy

The Fifth Amendment's Double Jeopardy Clause provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The Double Jeopardy Clause of the Fifth Amendment, applicable to the states through the Fourteenth Amendment, protects an accused against 1) a second prosecution for the same offense after acquittal, 2) a second prosecution for the same offense after conviction, and 3) multiple punishments for the

same offense. *Brown v. Ohio*, 432 U.S. 161, 165 (1977); *Ex parte Amador*, 326 S.W.3d 202, 205 (Tex. Crim. App. 2010). There are two variations of a multiple-punishments claim: 1) where there are both a greater and a lesser-included offense and the same conduct is punished twice–once for the basic conduct and a second time for that conduct plus more; and 2) where the same criminal act is punished under two distinct statutes and the legislature intended the conduct to be punished only once–such as causing a single death and being charged with both intoxication manslaughter and involuntary manslaughter. *Langs v. State*, 183 S.W.3d at 685. Aggravated assault may be a lesser-included offense of aggravated robbery, depending upon the facts proved. *Royster v. State*, 622 S.W.2d 442, 446 (Tex. Crim. App. 1981); *Watson v. State*, 605 S.W.2d 877, 884 (Tex. Crim. App. 1979).

To determine whether there have been multiple punishments for the same offense, we apply the "same elements" test from *Blockburger v. United States*, 284 U.S. 299, 304 (1932). "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." *Id*. The *Blockburger* test is the starting point in the analysis of a multiple-punishments double-jeopardy claim. *Bigon v. State*, 252 S.W.3d 360, 370 (Tex. Crim. App. 2008). The analysis in *Blockburger* was based "upon the face of the statute" at issue. *Blockburger*, 284 U.S. at 304. "But in Texas, when resolving whether two crimes are the same for double-jeopardy purposes, we focus on the elements alleged in the charging instrument." *Bigon*, 252 S.W.3d at 370, *citing Parrish v. State*, 869 S.W.2d 352, 354 (Tex. Crim. App. 1994). "Under the cognate-pleadings approach adopted by this Court, double-jeopardy challenges should be made even to offenses that have differing elements under *Blockburger*, if the same 'facts required'

are alleged in the indictment." *Id.*, *citing Hall v. State*, 225 S.W.3d 524 (Tex. Crim. App. 2007). "Application of *Blockburger* does not serve, however, to negate otherwise clearly expressed legislative intent." *Villanueva v. State*, 227 S.W.3d 744, 747 (Tex. Crim. App. 2007). "In the multiple punishments context, [T]he *Blockburger* test is no more than a rule of statutory construction, useful in discerning the legislative intent as to the scope of punishment where the intent is not otherwise manifested. The *Blockburger* test does not operate, however, to trump 'clearly expressed legislative intent.'" *Garza v. State*, 213 S.W.3d 338, 351-52 (Tex. Crim. App. 2007), *citing Ex parte Kopecky*, 821 S.W.2d 957, 959 (Tex. Crim. App. 1992) (quoting *Missouri v. Hunter*, 459 U.S. 359, 368 (1983)).

We have held that robbery is an assaultive offense. *Young v. State*, 283 S.W.3d 854, 862 (Tex. Crim. App. 2009). We have also held that the unit of prosecution of the offense of robbery is the victim. *Byrd v. State*, 336 S.W.3d 242, 251, n.43 (Tex. Crim. App. 2011). Therefore the gravamen of robbery offenses, including aggravated robbery, is the defendant's assaultive conduct against each victim. *Jones v. State*, 323 S.W.3d 885, 889 (Tex. Crim. App. 2010). We have also held that "[t]he gravamen of the offense of aggravated assault is the specific type of assault defined in [Tex. Penal Code] Section 22.01 [Assault]." *Landrian v. State*, 268 S.W.3d 532, 537 (Tex. Crim. App. 2008).

A multiple-punishments double-jeopardy violation occurs if both a greater and a lesser-included offense are alleged and the same conduct is punished once for the greater offense and a second time for lesser. *Langs v. State*, 183 S.W.3d at 685. A lesser-included offense is one that "is established by proof of the same or less than all the facts required to establish the commission of the offense charged[.]" TEX. CODE CRIM. PROC. art. 37.09(1).

The Penal Code defines the elements of aggravated assault in Section 22.02. We note the pertinent subsections:

(a) A person commits an offense if the person commits assault as defined in Section 22.01[4] and the person:
(1) . . .
(2) uses or exhibits a deadly weapon during the commission of the assault.

The Penal Code defines the elements of aggravated robbery in Section 29.03. We note the pertinent subsections:

(a) A person commits an offense if, in the course of committing theft as defined in Chapter 31 and with intent to obtain or maintain control of the property, he:
(1) . . .;
(2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

Here, the indictments alleged both threatening with a firearm and threatening with the firearm while committing theft, both offenses based on the same continuous transaction. Neither indictment alleged bodily injury.

As plead in the indictments, the counts for both aggravated robbery and aggravated assault assert that applicant intentionally or knowingly threatened another person with imminent bodily injury and used or exhibited a deadly weapon during the commission of that offense. The counts for aggravated robbery further allege that applicant committed theft. Thus, as plead, aggravated assault is a lesser-included offense of aggravated robbery because "it is established by proof of the same or less than all the facts required to establish the commission of the offense charged[.]" TEX. CODE CRIM. PROC. art. 37.09(1). "If . . . the prosecution, in proving the elements of one charged offense, also necessarily proves another charged offense, then that other offense is a lesser-included offense."

---

[4] Sec. 22.01 Assault. (a) A person commits an offense if the person: (1) . . .; (2) intentionally or knowingly threatens another with imminent bodily injury . . .; (3) . . ..

*Girdy v. State*, 213 S.W.3d 315, 319 (Tex. Crim. App. 2006). If there is no clear legislative intent to punish the offenses separately, multiple punishments for the criminal act that is the subject of the prosecution is barred. *Id*. No such intent has been shown here. We conclude that applicant has shown that two of his four convictions are in violation of his constitutional double-jeopardy protections that preclude multiple punishments for the same offense.

When a defendant is convicted of two offenses and those convictions violate double-jeopardy protections, the conviction for the more serious offense is retained, and the other conviction is set aside. *Ex parte Cavazos*, 203 S.W.3d 333, 337 (Tex. Crim. App. 2006). The most serious offense is the offense of conviction for which the greatest sentence was assessed. *Id*. at 338. Applicant's aggravated-robbery convictions, for which he received sentences of twenty-five years' incarceration, are the more serious offenses because he received lesser sentences for the aggravated-assault convictions. We therefore retain the aggravated-robbery convictions and set aside the aggravated-assault convictions.[5]

We grant relief and set aside the aggravated-assault convictions. Copies of this opinion shall be sent to the Texas Department of Criminal Justice–correctional institutions division and Pardons and Paroles Division.

Delivered: May 22, 2013
Publish

---

[5] Because we grant relief on the first and second issues, the third issue that we filed and set for submission is rendered moot, and we dismiss that issue.