**Affirmed as Modified in Part; Vacated and Dismissed in Part; and Opinion Filed April 30, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-13-01154-CR
No. 05-13-01155-CR

**TOMMY EXIQUIO MARTINEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F10-51119-M, F10-51168-M**

## MEMORANDUM OPINION

Before Justices Lang, Myers, and Brown
Opinion by Justice Myers

Tommy Exiquio Martinez pleaded guilty to two burglary of a habitation offenses. The trial court deferred adjudication of guilt, placed appellant on five years' community supervision in each case, and also assessed a $500 fine in cause no. 05-13-01154-CR. The State later moved to adjudicate guilt. The trial court granted the State's motions, adjudicated appellant guilty, and sentenced him to twelve years' imprisonment in each case. These appeals followed.

### Background

Appellant originally filed briefs asserting the trial court's judgment in each case needed to be modified to correct various clerical errors. Upon review of the records, this Court noted that based on the records before the Court, it appeared appellant had pleaded guilty to and had

been convicted of the same offense. Specifically, each indictment alleged burglary of a habitation on the same date with the same complaining witness. Moreover, the plea papers in each case reflected the same complaining witness. There was a police report in the clerk's record for cause no. 05-13-01155-CR (trial court no. F10-51168-M) indicating there was a second complaining witness and a different burglary date. Therefore, we abated for the trial court to make findings regarding whether there was an amended indictment and amended plea papers for cause no. 05-13-01155-CR that reflected the name of the complaining witness and the date reflected in the police report in that clerk's record. We adopted the trial court's findings that there is not an amended indictment and the plea papers and judicial confession in the clerk's record for cause no. 05-13-01155-CR are correct copies of the documents admitted into evidence. We ordered the parties to file supplemental briefs addressing the issue of whether appellant was charged with the same offense in the two indictments and pleaded guilty to the same offense as an alleged in the two indictments. We have now received the supplemental briefs.

### 05-13-01155-CR (Trial Court No. F10-51168-M)

In his supplemental brief, appellant asserts his conviction in cause no. 05-13-01155-CR (trial court no. F10-51168-M) constitutes a double jeopardy violation. Appellant asserts that his failure to raise the issue in the trial court does not constitute a waiver because the face of the record clearly demonstrates a double jeopardy violation and the enforcement of the normal rules of procedural default serves no legitimate state interests. The State responds that it expressly refrains from making any claim of procedural default. Further, the State asserts that, while not agreeing the record "unquestionably establishes" the double jeopardy violation, it not only does not object to appellant's receipt of the requested relief, it agrees appellant should receive the relief requested. The State contends that while it is hypothetically possible for a defendant to

burglarize the habitation of the same victim twice in one day, there is nothing in the record before this Court to support such an argument.

Although a double jeopardy complaint may be waived by failure to raise it in the trial court, a claim may be raised for the first time on appeal when the undisputed facts show the double jeopardy violation is clearly apparent on the face of the record and when enforcement of usual rules of procedural default serves no legitimate state interests. *Ex parte Denton*, 399 S.W.3d 540, 544 (Tex. Crim. App. 2013); *Gonzalez v. State*, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000). A double jeopardy claim is apparent on the face of the trial record if the resolution of the claim does not require further proceedings for the purpose of introducing additional evidence in support of the claim. *Ex parte Denton*, 399 S.W.3d at 544.

We agree that on their face, the records in these cases clearly establish a double jeopardy violation. *See Ex parte Denton*, 399 S.W.3d at 544; *Gonzalez*, 8 S.W.3d at 643. In each case, the indictment alleges the offense of burglary of a habitation occurred on or about January 13, 2010 and identifies the complaining witness as Jimmie Stephenson. Additionally, the judicial confessions in each case each identify Jimmie Stephenson as the complaining witness. The indictment in cause no. 05-13-01155-CR (trial court no. F10-51168-M) was filed on February 19, 2010. Although the police report contained in the clerk's record for cause no. 05-13-01155-CR is dated January 14, 2010, identifies the complaining witness by the name of Moreno, and bears the handwritten notation of "10-51168-194," the trial court found there was no amended indictment alleging Moreno as the complaining witness and that the plea papers identifying the complaining witness as Stephenson were the ones admitted into evidence.[1] Thus, we conclude the record on its face establishes that appellant was twice indicted for and twice convicted of the

[1] The record on its face established the double jeopardy violation. The findings this Court sought from the trial court were to ensure the Court had the proper documents before it for cause no. 05-13-01155-CR. *See* Tex. R. App. P. 34.5.

–3–

same burglary offense in violation of the Double Jeopardy provisions of the United States Constitution. *See Ex parte Denton*, 399 S.W.3d at 544; *Gonzalez*, 8 S.W.3d at 643.

Moreover, the State agrees that appellant should receive the relief he is seeking as to cause no. 05-13-01155-CR (trial court no. F10-51168-M). Thus, we conclude enforcement of the usual rules of procedural default serve no legitimate state interest. *See Ex parte Denton*, 399 S.W.3d at 544; *Gonzalez*, 8 S.W.3d at 643. We sustain appellant's issue in his supplemental brief.

When a defendant is convicted of two offenses and those convictions violate double jeopardy protections, ordinarily the conviction for the more serious offense is retained and the other is set aside. *See Ex parte Denton*, 399 S.W.3d at 547. Here, appellant was convicted of the same offense in both cases. Accordingly, we vacate the trial court's judgment in trial court no. F10-51168-M and dismiss the case. *See Ex parte Denton*, 399 S.W.3d at 547. *See also* TEX. R. APP. P. 43.2(e). Because of our disposition of this issue, we do not address the issues raised regarding modification of the judgment. *See* TEX. R. APP. P. 47.1.

**Cause No. 05-13-01154-CR (Trial Court No. F10-51119-M)**

In his original brief, appellant asserts the trial court's judgment in cause no. 05-13-01154-CR (trial court no. F10-51119-M) should be modified to reflect there was no plea bargain agreement, to show appellant pleaded not true to one of the alleged probation violations, and to reflect that the trial court found appellant violated the terms and conditions as set forth in the amended motion to adjudicate guilt. The State agrees the judgment should be modified as requested by appellant.

The record reflects that on May 29, 2013, the State filed an amended motion to proceed with adjudication of guilt. Appellant pleaded not true to alleged violation (a)(2), which alleged he committed a new aggravated assault/family violence offense. Appellant entered an open plea

–4–

of true to the remaining allegations. The trial court's judgment adjudicating guilt reflects appellant pleaded true to the motion to adjudicate, the terms of a plea bargain were "12 years TDCJ," and that appellant violated the terms and conditions of supervision as set out in the State's "Original" motion to adjudicate guilt. Thus, the judgment is incorrect and we may modify it to correctly reflect the trial court proceedings. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 183 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). We sustain appellant's three issues related to this case.

We modify the trial court's judgment as follows: (1) the section entitled "plea to motion to adjudicate" is modified to show "Not True" as to "allegation (a)(2)" and "True" as to the remaining allegations; (2) the section entitled "Terms of Plea Bargain" is modified to show "Open"; and (3) the paragraph specifying the terms and conditions violated is modified to state "as set out in the State's AMENDED Motion to Adjudicate Guilt as follows: See attached Amended Motion to Adjudicate Guilt."

As modified, we affirm the trial court's judgment in cause no. 05-13-01154-CR (trial court no. F10-51119-M).

We vacate the trial court's judgment in cause no. 05-13-01155-CR (trial court no. F10-55168-M, and dismiss the case.

LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
131154F.U05

–5–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TOMMY EXIQUIO MARTINEZ, Appellant

No. 05-13-01154-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F10-51119-M.
Opinion delivered by Justice Myers,
Justices Lang and Brown participating.

Based on the Court's opinion of this date, we **MODIFY** the trial court's judgment as follows:

(1) the section entitled "plea to motion to adjudicate" is modified to show "Not True" as to "allegation (a)(2)" and "True" as to the remaining allegations;

(2) the section entitled "Terms of Plea Bargain" is modified to show "Open"; and

(3) the paragraph specifying the terms and conditions violated is modified to state "as set out in the State's AMENDED Motion to Adjudicate Guilt as follows:  See attached Amended Motion to Adjudicate Guilt."

As **MODIFIED**, we **AFFIRM** the trial court's judgment.

Judgment entered this 30th day of April, 2014.

/Lana Myers/
_____
LANA MYERS
JUSTICE

–6–



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

TOMMY EXIQUIO MARTINEZ, Appellant

No. 05-13-01155-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F10-51168-M.
Opinion delivered by Justice Myers,
Justices Lang and Brown participating.

Based on the Court's opinion of this date, we **VACATE** the trial court's judgment and **DISMISS** the case.

Judgment entered this 30th day of April, 2014.

/Lana Myers/
LANA MYERS
JUSTICE