05-11-0156-CR



# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. PD-0879-13

### MICHELLE BARRIGA-HERMOSILLO, Appellant

### v.

### THE STATE OF TEXAS

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW FROM THE FIFTH COURT OF APPEALS COLLIN COUNTY

JOHNSON, J., delivered the opinion of the Court in which KELLER, P.J., and MEYERS, WOMACK, HERVEY, COCHRAN, and ALCALÁ, JJ., joined. PRICE and KEASLER, JJ., concurred in the judgment.

### OPINION

Appellant was indicted and then convicted of one count of causing bodily injury to her child by omission and three counts of child endangerment by: allowing the child to be in the father's presence without supervision; allowing the child to be in the father's presence with inadequate supervision by appellant; and not providing accurate medical history to medical personnel. Appellant did not raise double-jeopardy issues in the trial court. Appellant raised the issue for the first time in the court of appeals and asserted that the court's charge for the three counts of

endangerment by commission violated her Fifth Amendment protection against double jeopardy. The court of appeals affirmed all of the convictions, but remanded the case for re-sentencing on two counts of child endangerment because the sentences exceeded the statutory range of punishment. *Barriga-Hermosillo v. State*, No. 05-11-01150-CR, 2012 WL 1439879, (Tex. App.—Dallas April 8, 2013, pet. granted) (not designated for publication).

We granted review on two grounds raised in appellant's petition for discretionary review: "Is a double jeopardy issue apparent from the record when a single trial ends in three convictions of the same crime?" and "Is avoiding a retrial a legitimate reason not to analyze a double jeopardy claim when a retrial is not the remedy from [sic] the claim?" We interpret the second ground as asking whether there is a legitimate state interest in maintaining the convictions. We conclude that a double-jeopardy issue is not clearly apparent on the face of the record and therefore do not address whether the state has a legitimate interest in enforcing procedural-default rules. We affirm the court of appeals's judgment.

## I. BACKGROUND FACTS

On July 23, 2010, appellant and her three-month-old son were taken by ambulance to the Plano Medical Center because appellant believed her son had a broken arm. The father was living with appellant at the time but remained at home. The medical findings were not consistent with the story appellant told the hospital staff about how the child's arm injury occurred, so the staff suspected child abuse. The child was transferred to Children's Medical Center, where an investigation was initiated. A physical examination revealed that the child had suffered multiple injuries, including bleeding in the brain and a cracked skull, and that the injuries were at various stages of the healing process. The nature of the injuries indicated they were not accidental.

Over the course of the investigation, it was discovered that appellant and the father had not been truthful about the child's arm injury and that appellant had not been truthful about the child's medical history when appellant had previously presented the child for medical check-ups. It was also determined that at least two earlier incidents had occurred. The first was around June 2010 and was said to have happened when the child's father accidentally dropped him while holding the child up in the air with one arm, causing him to hit his head on his bouncy chair. Appellant was present when that occurred. The other incident occurred on July 14, 2010, and was said to have happened when the child's father tripped while holding him, causing the child to hit his head on a wooden bed frame. Appellant was not home when that event occurred. Later that night, they took the child to the emergency room because of continual vomiting, but neither parent told the hospital staff that he had fallen and hit his head. The medical staff apparently assumed that the child's vomiting was a symptom of a virus, not a head injury, and therefore did not take x-rays that could have revealed bleeding in his brain.

Following the investigation, appellant was arrested and charged with injury to a child and child endangerment. At the time of trial, appellant was nineteen years old. The jury returned a guilty verdict on all counts except the first two counts, reckless and intentional injury to a child.

## II. COURT OF APPEALS OPINION

Appellant raised double-jeopardy issues for the first time in the court of appeals. She claimed the trial court's charges for counts four, five, and six[1] violated her Fifth Amendment protection against double jeopardy because those counts alleged the same date, victim, mental states, and

---

[1] Count four alleged child endangerment by allowing the child to be in the father's presence unsupervised; count five alleged child endangerment by allowing the child to be in the father's presence while supervised; and count six alleged child endangerment by not providing an accurate medical history to medical personnel.

degrees of danger, thereby punishing her for the same offense multiple times.

The court of appeals concluded that the exchange that appellant asserted as preserving her complaint failed to establish a constitutional objection or in some way suggest a double-jeopardy violation.[2] Because appellant did not preserve the double-jeopardy claim at trial, she may raise it on appeal for the first time only if the undisputed facts show that the violation is clearly apparent on the face of the record and no legitimate state interest was served by enforcement of the usual rules of procedural default. *Barriga-Hermosillo v. State*, No. 05-11-01156-CR, 2013 WL 1439879, at *10 (Tex. App.—Dallas April 8, 2013, pet. granted) (not designated for publication) (citing *Gonzalez v. State*, 8 S.W.3d 640, 642 (Tex. Crim. App. 2000)). The court of appeals concluded that each count alleged different ways by which appellant endangered her child and found that there was no clear double-jeopardy violation shown on the face of the record. *Id.* at *11. It also held that legitimate state interests were served by requiring a timely raised double-jeopardy claim in the trial court. "Timely raising the matter in the trial court would have provided the trial court and the prosecution an opportunity to remove the basis of the objection" and granted the prosecution the chance to get a conviction "without the risk of an unnecessary retrial in the face of a valid multiple punishments claim." *Id.* at *10 (quoting *Gonzalez v. State*, 8 S.W.3d 640, 645-46 (Tex. Crim. App. 2000)).

---

[2] The court of appeals noted the following exchange took place between appellant and the trial court and concluded it was insufficient to establish a double-jeopardy objection:

> [Defense Counsel]: Page14, Count 4 it says "we, the jury, find the defendant guilty of abandoning or endangering a child as charged in the indictment." The same thing on Count 5 and the same thing on Count 6, all of them the same language.
>
> The Court: Okay.
>
> [Defense Counsel]: Your Honor, I'm trying to find out what—you have three same questions.
>
> The Court: Well, if you read the body of the charge Count 4 is without supervision, Count 5 doesn't have any question about supervision and Count 6 is for abandoning and endangering.
>
> Now, they all constitute abandoning or endangering but they're all just different methods.

Accordingly, the court of appeals overruled appellant's claim, affirmed the trial court's judgments of conviction, and remanded for a new punishment hearing on two counts of child endangerment because appellant had been sentenced to terms of imprisonment that exceeded the statutory range of punishment. *Id.* at *11. Neither party disputes the need for resentencing.

### III. ARGUMENTS OF THE PARTIES

### A. Violation Clear on the Face of the Record

Appellant summarizes her argument by asserting that the court of appeals erred in dismissing her claim because it should not have relied on *Gonzalez v. State* and because it presupposed, without definitively deciding, that child endangerment is a conduct-oriented offense. Appellant suggests that, if the lower court would have had the benefit of our decision in *Ex parte Denton*, 399 S.W.3d 540 (Tex. Crim. App. 2013), it would have ruled in her favor.

Appellant contends that a double-jeopardy issue is apparent from the record because appellant was convicted on three counts of one statutory subsection and thus this Court can decide the double-jeopardy issue simply by reviewing the indictment. Appellant argues that, in order to avoid a double-jeopardy issue being apparent on the record, the Legislature must clearly intend multiple punishments for a crime. Appellant notes that, for conduct-based offenses, separate convictions for alternate methods of committing a crime are allowed. She suggests that her convictions constitute a multiple-punishments violation because they all stem from a single transaction. She maintains that the inclusion of all four culpable mental states in the statute shows that the Legislature intended that endangering a child be considered a result-of-conduct offense, not a conduct-based offense. Appellant argues that, for result-oriented offenses, "different types of results are considered to be separate offenses, but different types of conduct are not." *Huffman v.*

*State*, 267 S.W.3d 902, 907 (Tex. Crim. App. 2008).

The state argues that the record does not definitively show that appellant was punished multiple times for a single offense. It asserts that these offenses were distinct occasions on which appellant put her child in imminent risk of physical harm,[3] separated in time by a week or more; each one could, therefore, support a separate conviction for child endangerment. The state does not clearly state whether it believes the offense is result oriented or conduct based, but it asserts that, regardless of the type of offense, there is no double-jeopardy violation. It argues that, if child endangerment were a result-oriented offense, the state could assert appellant endangered the child three different times. If child endangerment were a conduct-based offense, the state could argue that appellant engaged in three different courses of conduct that endangered the child.

## IV. ANALYSIS

The Double Jeopardy Clause protects defendants against multiple punishments for the same offense. In *Gonzalez v. State*, we stated that an appellant has the "burden to preserve, in some fashion, a double-jeopardy objection at or before the time the charge [is] submitted to the jury." *Gonzalez v. State*, 8 S.W.3d 640, 642 (Tex. Crim. App. 2000). But when an appellant does not meet this burden at trial, she is left with another option on appeal. An appellant may raise a double-jeopardy violation for the "first time on appeal . . . if two conditions are met: 1) the undisputed facts show that the double-jeopardy violation is clearly apparent on the face of the record; and 2) when enforcement of the usual rules of procedural default serves no legitimate state interest." *Ex parte Denton*, 399 S.W.3d 540, 544 (Tex. Crim. App. 2013). What appellant points to as preservation of

---

[3] The state uses the word "occasions" while the case law uses "transactions." Appellant criticizes the state's use of "occasions" as legally insufficient, but the use of "occasions" instead of "transactions" is a distinction without a difference.

the error was found insufficient by the court of appeals, which then found that appellant did not meet her burden to preserve her double-jeopardy claim in the trial court. Therefore, we now address whether appellant met her burden for raising a double-jeopardy violation for the first time on appeal.

"A double-jeopardy claim is apparent on the face of the trial record if resolution of the claim does not require further proceedings for the purpose of introducing additional evidence in support of the double-jeopardy claim." *Id.* The indictment alleged "on or about" a single date for all counts. Count IV states that appellant did "intentionally, knowingly, recklessly and with criminal negligence by act and omission, engage in conduct, to wit: allowing Isiah Smalley Jr. to be in the presence of Isiah Smalley Sr. without supervision, and said conduct placed Isiah Smalley Jr., a child younger than fifteen (15) years of age, in imminent danger of death, bodily injury, and physical and mental impairment." Count V used the same language, omitting only the words "without supervision." Count VI states that appellant did "intentionally, knowingly, recklessly and with criminal negligence by act and omission, engage in conduct, to wit: not providing medical personnel with an accurate medical history and said conduct placed Isiah Smalley Jr., a child younger than fifteen (15) years of age, in imminent danger of death, bodily injury, and physical and mental [sic]."

Under our pleading rules, alleging a single date of commission or omission does not prove a double-jeopardy violation. An indictment may allege any date that is within the statute of limitations for the charged offense and before the date of the presentment of the indictment. *Sledge v. State*, 953 S.W.2d 253, 255-56 (Tex. Crim. App. 1997). An allegation may be proved by any act that was committed within the statutory limitations. In appropriate circumstances, a defendant may properly be charged with, and convicted of, two offenses under the same statute that are alleged in the same indictment with the same date. For instance, a defendant may be properly charged with,

and convicted of, selling drugs to Dan McGrew once in the morning and a second time in the afternoon without violating double-jeopardy protections.

The record here clearly shows that appellant was charged with violating the same child-endangerment statute in three ways on the same on-or-about date. Texas Penal Code sec. 22.041(c). However, each count alleged that appellant engaged in conduct that placed her child in danger of serious bodily injury by a described act or omission that differed from the other two and, in regard to counts IV and V, the alleged acts are mutually exclusive. Count VI alleges conduct that is unrelated to the allegations in counts IV and V and describes what may be a continuing omission. We conclude that appellant has not shown by the undisputed facts that a double-jeopardy violation is clearly apparent on the face of the record. Given that appellant has failed the first prong of this test, it is unnecessary to analyze the second prong.

## VI. CONCLUSION

A defendant must raise issues relating to a double-jeopardy complaint in the trial court. If the defendant fails to preserve the double-jeopardy objection at trial, the issue may be raised for the first time on appeal only if the undisputed facts show a double-jeopardy violation that is clear on the face of the record and legitimate state interests are not served by following the rules of procedural default. Appellant has not carried her burden. We affirm the judgment of the court of appeals.

Delivered: May 7, 2014
Do Not Publish



P.O. BOX 12308, CAPITOL STATION

AUSTIN, TEXAS 78711

**OFFICIAL BUSINESS**
**STATE OF TEXAS**
**PENALTY FOR**
**PRIVATE USE**

PRESORTED
FIRST CLASS





02 1M $ 00.40⁶
0004279596   MAY 08 2014
MAILED FROM ZIP CODE 78701

PD-0879-13

5TH COURT OF APPEALS CLERK
LISA MATZ
600 COMMERCE  2ND FLOOR
DALLAS TX  75202

121  DVE-N3B  75202