

# NUMBER 13-23-00559-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ERIC JAMARR STEWART,                                    Appellant,

v.

THE STATE OF TEXAS,                                    Appellee.

## ON APPEAL FROM THE 186TH DISTRICT COURT
## OF BEXAR COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Silva**
**Memorandum Opinion by Justice Benavides**

At the conclusion of a bench trial, appellant Eric Jamarr Stewart was convicted of four counts of sexual assault of a child and one count of indecency with a child by sexual contact, all second-degree felonies. *See* TEX. PENAL CODE ANN. §§ 21.11(a)(1), (d), 22.021(a)(i)–(iii), (d). For each count, Stewart received a concurrent ten-year sentence of imprisonment and was assessed court costs of $550. Stewart raises three issues on

appeal: (1) one of his convictions for sexual assault constitutes a double-jeopardy violation; (2) the assessment of separate court costs for each conviction was improper; and (3) the judgments should be corrected to accurately reflect Stewart's trial counsel.[1] The State generally agrees with Stewart but disagrees about the proper remedy for the double-jeopardy violation. We vacate in part and affirm as modified in part.

## I.   BACKGROUND

In a five-count indictment, the State alleged that Stewart committed various sexual acts against the complainant on the same day. As pertinent here, Count I alleged that Stewart intentionally or knowingly penetrated the sexual organ of the complainant with his penis, and Count II alleged that Stewart intentionally or knowingly caused his penis to contact the complainant's sexual organ.

At trial, the complainant, who was fourteen years old at the time of the incident, testified that, in addition to other sexual acts, Stewart penetrated her sexual organ with his penis. She did not, however, describe a separate and distinct act of penile-to-vaginal contact. The complainant previously gave the same account to a sexual assault nurse examiner.

The trial court found Stewart guilty of each count, including Counts I and II. Each of Stewart's five convictions was memorialized in a separate judgment of conviction, and each judgment contains an assessment of court costs in the amount of $550. Each

---

[1] This appeal was transferred to us from the Fourth Court of Appeals in San Antonio pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. §§ 22.220(a) (delineating the jurisdiction of appellate courts), 73.001 (granting the supreme court the authority to transfer cases from one court of appeals to another at any time that there is "good cause" for the transfer). We are bound by the precedent of the transferring court to the extent that it conflicts with our own. *See* TEX. R. APP. P. 41.3.

judgment also indicates that Stewart's trial counsel was "Steven Greene." Stewart was represented at trial by Jim Oltersdorf and Haillie Dawn Pease. Greene, on the other hand, is Stewart's appointed appellate counsel.

Stewart did not file a motion for new trial or otherwise object in the trial court that his convictions under Counts I and II violated his double-jeopardy rights. This appeal ensued.

## II.    DOUBLE JEOPARDY

The Double Jeopardy Clause of the Fifth Amendment, which is applicable to the states through the Fourteenth Amendment, protects a person from multiple punishments for the same offense. U.S. CONST. amends. V, XIV; *Garfias v. State*, 424 S.W.3d 54, 58 (Tex. Crim. App. 2014). A double-jeopardy violation may be raised for the first time on appeal if two conditions are met: (1) the violation is apparent from the face of the record, and (2) the enforcement of the usual rules of procedural default would serve no legitimate state interest. *Ex parte Denton*, 399 S.W.3d 540, 544 (Tex. Crim. App. 2013). "A double-jeopardy violation occurs if one is convicted or punished for two offenses that are the same both in law and in fact." *Aekins v. State*, 447 S.W.3d 270, 279 (Tex. Crim. App. 2014). "Where two crimes are such that the one cannot be committed without necessarily committing the other, then they stand in the relationship of greater and lesser offenses, and the defendant cannot be convicted or punished for both." *Id.* at 280. For instance, in the context of sexual assault, "[p]enetration without contact is impossible." *Id.* at 279. Therefore, "a defendant may not be convicted for a completed sexual assault by penetration and also for conduct (such as exposure or contact) that is demonstrably and inextricably part of that single sexual assault." *Id.* at 281.

3

We agree with the parties that a double-jeopardy violation is apparent from the face of the record, and given the State's assent to correcting this error, we also conclude that there is no legitimate State interest to be served by enforcing the usual rules of procedural default. *See Ex parte Denton*, 399 S.W.3d at 544. According to the evidence, the only contact between Stewart's penis and the complainant's vagina occurred as he was penetrating her sexual organ. There was no separate and distinct act that could support Stewart's additional conviction under Count II. *See Aekins*, 447 S.W.3d at 282–83 (adopting the "fresh impulse" approach in the context of sexual assault and providing examples of what would constitute "a single continuous act," and what would constitute a "fresh impulse"). Consequently, the lesser, discrete criminal act of sexual assault by penile contact merged with the completed, ultimate act of sexual assault by penile penetration. *See id.* at 283 (finding a double-jeopardy violation where defendant was convicted separately for causing his mouth to both contact and penetrate the victim's sexual organ).

The parties agree that we should overturn Count II as the lesser offense, but Stewart suggests that we reverse and render an acquittal, while the State argues that the proper remedy is to simply vacate the conviction. "When a defendant is subjected to multiple punishments for the same conduct, the remedy is to affirm the conviction for the most serious offense and vacate the other convictions." *Bigon v. State*, 252 S.W.3d 360, 372 (Tex. Crim. App. 2008). Accordingly, we affirm Stewart's conviction for sexual assault of a child under Count I and vacate his conviction for sexual assault of a child under Count II. *See id.* Stewart's first issue is sustained in part.

4

### III.    MODIFICATION

Stewart next argues that he was improperly assessed separate court costs for each conviction. "In a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only once against the defendant." TEX. CODE CRIM. PROC. ANN. art. 102.073(a). Therefore, because Stewart was tried in a single criminal action, we strike the assessment of $550 in court costs from the judgments under Counts III, IV, and V. *See id.*

Finally, Stewart also asks that the judgments under Counts I, III, IV, and V be modified to accurately reflect his trial counsel. A judgment of conviction shall include, among other information, "the attorney for the defendant." *Id.* art. 42.01 § 1(2). Here, the judgments misidentify Stewart's trial counsel as "Steven Greene." We modify the judgments under Counts I, III, IV, and V by deleting each reference to "Steven Greene" and replacing them with "Jim Oltersdorf and Haillie Dawn Pease." *See id.* Stewart's second and third issues are sustained.

### IV.    CONCLUSION

We vacate Stewart's conviction under Count II for sexual assault of a child. We affirm the remainder of his convictions as modified.

GINA M. BENAVIDES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
15th day of August, 2024.