

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-25-00009-CR

DANIEL LEE MORRISON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 3
Tarrant County, Texas
Trial Court No. 1840416

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

A Tarrant County jury found Daniel Lee Morrison guilty of continuous sexual abuse of a child, M.R.,[1] and assessed a sentence of forty years' imprisonment. *See* TEX. PENAL CODE ANN. § 21.02 (Supp.). The jury also found Morrison guilty of indecency with a child and assessed a sentence of fifteen years' imprisonment. *See* TEX. PENAL CODE ANN. § 21.11.

On appeal, Morrison argues that the trial court erred by allowing testimony from a child forensic examiner, who also served as the outcry witness in this case.[2] Morrison also argues that his sentences violated double jeopardy by involving multiple punishments for the same offense.

We find that the trial court did not abuse its discretion by admitting the forensic examiner's outcry testimony. We also find that Morrison failed to preserve any multiple-punishment claim for our review. As a result, we affirm the trial court's judgment.

I.    **The Trial Court Did Not Abuse Its Discretion by Admitting Outcry Testimony**

A.    **Evidence at the Outcry Hearing**

Cecilia Hicks, a social worker and forensic interviewer at the Mayerson Center at Children's Hospital in Cincinnati, Ohio, testified that she interviewed M.R. about her allegations of sexual abuse against Morrison. Hicks described the specific acts of sexual abuse that M.R. discussed in detail with her. Hicks revealed that M.R. had discussed some inappropriate acts

---

[1]We use initials to protect the identity of the child. *See* TEX. R. APP. P. 9.10.

[2]Originally appealed to the Second Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (Supp.). We follow the precedent of the Second Court of Appeals in deciding the issues presented. *See* TEX. R. APP. P. 41.3.

with her therapist, like "kissing and other stuff," but Hicks clarified that she "was the first person [M.R.] actually told about the genital contact."

During cross-examination, Hicks testified that she did not know the name of the therapist M.R. had spoken to and had not seen that therapist's notes. Even so, Hicks testified that M.R. had told her that Hicks was "the only one that she had told about the specific contact with her vagina . . . and about her touching [Morrison's] penis." Morrison then attempted to establish that Hicks was gathering information for medical personnel during the interview, but Hicks testified that she only "provid[ed] them the information that the child t[old her] in the interview."

At the outcry hearing, Morrison did not argue that the unnamed therapist should be the outcry witness or that Hicks was not the first adult M.R. told about the alleged offense. Instead, Morrison said he believed Hicks had "the qualifications" and had no objection to "her specific qualifications," but objected to the methodology she used to conduct the forensic interview because "she was both doing a forensic interview and gathering statements for a medical purpose and that those conflicted." The trial court overruled that objection after telling Morrison, "Although you tried very hard to get [Hicks] to say she was gathering the information, she never bit on it. She always came back and said she was providing the information to the medical people, not gathering it."

### B. Standard of Review and Relevant Law

"We review a trial court's ruling on an outcry witness designation for an abuse of discretion." *Espinoza v. State*, 571 S.W.3d 427, 430 (Tex. App.—Fort Worth 2019, pet. ref'd) (citing *Garcia v. State*, 792 S.W.2d 88, 92 (Tex. Crim. App. 1990)). "A trial court's findings

3

will be upheld when they are supported by the evidence, and the trial court has broad discretion in determining such evidence's admissibility." *Id.* at 430–31 (citing *Garcia*, 792 S.W.2d at 92) ("requiring a clear abuse of discretion to be established by the record before the trial court's outcry witness ruling will be disturbed").

The question at an outcry hearing is whether Hicks was the first person to whom M.R. made her outcry. *See id.* at 431 (citing TEX. CODE CRIM. PROC. ANN. art. 38.072, § 2(a)(3)). "The court of criminal appeals has interpreted the 'first person' to mean that 'the outcry witness must be the first person, 18 years or older, to whom the child makes a statement that in some *discernible* manner describes the alleged offense.'" *Id.* (quoting *Garcia*, 792 S.W.2d at 91). "The court of criminal appeals has stated that the 'discernible manner' must be 'more than words which give a general allusion that something in the area of child abuse was going on.'" *Id.* (quoting *Garcia*, 792 S.W.2d at 91). "Because of the way in which the statute is written, an outcry witness is not person-specific, but event-specific." *West v. State*, 121 S.W.3d 95, 104 (Tex. App.—Fort Worth 2003, pet. ref'd).

### C. Analysis

In his first point of error, Morrison argues that the trial court erred by determining that Hicks was the proper outcry witness because M.R. "made admissions to a therapist." Morrison's complaint is that "[i]f, during a hearing outside the presence of the jury, evidence shows that the unknown therapist was the first eligible person to whom a child outcries, it is an abuse of discretion for the Court to allow a forensic interviewer, to whom the child outcried subsequently, to testify as the outcry witness."

4

Here, however, the record shows that M.R. only told her therapist about kissing Morrison, an act that did not form the basis of any offense alleged by the State. Rather, all of the State's allegations involved the touching or penetration of genitals, and Hicks clarified that she was the first adult whom M.R. told about those acts. As a result, we conclude that the trial court did not abuse its discretion by finding that Hicks was the proper outcry witness.[3]

## II.     Morrison Did Not Preserve His Multiple Punishments Claim

In his last point of error, Morrison argues that his right to be free from double jeopardy was violated when he was subjected to multiple punishments for the same offense. We find this issue unpreserved.

The rules regarding preservation of error apply to a "potential multiple-punishment double jeopardy claim," which "may be forfeited if [the] defendant does not properly preserve th[e] claim" by raising it in the trial court. *Langs v. State*, 183 S.W.3d 680, 686 (Tex. Crim. App. 2006); *see Gonzalez v. State*, 8 S.W.3d 640, 642–43 (Tex. Crim. App. 2000). Requiring the defendant to preserve his multiple-punishments, double-jeopardy claim allows the trial "court and the prosecution [the] opportunity to remove the basis [for] the objection" and avoid "the risk of an unnecessary retrial." *Lang*s, 183 S.W.3d at 686 n.22 (quoting *Gonzalez*, 8 S.W.3d at 645–46). A defendant may, however, raise a double-jeopardy claim for the first time on appeal

---

[3]Morrison also argues that Hicks was not qualified to testify as an expert witness. The State notes that Morrison conceded Hicks's qualifications at trial and that Morrison failed to preserve his appellate issue for our review. Because the record shows that Morrison had no objections to Hicks's qualifications, we agree with the State that Morrison failed to preserve this issue. *See* TEX. R. APP. P. 33.1. The State further argues that although Morrison complained of Hicks's methodology at trial because she was allegedly gathering facts for medical professionals, Morrison does not raise this complaint on appeal. As a result, the State argues, and we agree, that Morrison's complaint on appeal does not comport with his objection at trial. *See Swain v. State*, 181 S.W.3d 359, 367 (Tex. Crim. App. 2005) (holding that a trial objection must comport with the issue raised on appeal).

5

"when the undisputed facts show [that the] violation is clearly apparent on the face of the record and when enforcement of usual rules of procedural default serves no legitimate state interests." *Gonzalez*, 8 S.W.3d at 643. "A double jeopardy claim is apparent on the face of the trial record if resolution of the claim does not require further proceedings . . . [to introduce] additional evidence in support" of the claim. *Ex parte Denton*, 399 S.W.3d 540, 544 (Tex. Crim. App. 2013) (orig. proceeding) (citing *Gonzalez*, 8 S.W.3d at 643).

As he concedes in his brief, Morrison did not raise a double-jeopardy objection in the trial court. Instead, he argues that his double-jeopardy claim does not require preservation because the violation is clearly apparent on the face of the record. We disagree.

The State's indictment for continuous sexual abuse of a child alleged that, during a period that was thirty days or more in duration, Morrison committed two or more acts of sexual abuse, including the touching of M.R.'s breasts. The State's allegation of indecency with a child also included the touching of M.R.'s breasts. Even so, the jury charge established that the allegation involving touching M.R.'s breasts was removed as an alleged act of sexual abuse and was not submitted to the jury when considering if Morrison was guilty of continuous sexual abuse of M.R.[4] As a result, the jury was only asked whether it found Morrison guilty of touching M.R.'s

---

[4]The jury charge for continuous sexual abuse of a child read as follows:

> Now, if you find from the evidence beyond a reasonable doubt Daniel Lee Morrison, hereinafter called defendant, on or about the 20th day of July 2021 through the 31st day of January 2023, in the County of Tarrant, State of Texas, during a period of time that is 30 days or more in duration, did commit two or more acts of sexual abuse, namely, aggravated sexual assault of a child under 14 by causing the finger and/or mouth and/or tongue of the Defendant to penetrate the sexual organ of M.R., and/or causing the sexual organ of M.R. to contact the mouth of the Defendant and/or indecency with a child, by touching by the Defendant, including touching through the clothing of any part of the genitals of M.R. and/or causing any part of M.R. to touch any part of the genitals of the Defendant, and at the time of the commission of each of these acts of sexual abuse the

6

breasts with respect to the jury question involving indecency with a child, not continuous sexual abuse of a child.

In light of these facts, we conclude that Morrison is not permitted to raise his double-jeopardy claim in this appeal because he did not preserve it in the trial court, and he failed to show a double-jeopardy violation that is apparent on the face of the record. As a result, we overrule Morrison's last point of error.

## III. Conclusion

We affirm the trial court's judgment.

Charles van Cleef
Justice

Date Submitted:     July 24, 2025
Date Decided:       September 8, 2025

Do Not Publish

---

Defendant was 17 years of age or older and M.R. was younger than 14 years of age, regardless of whether the Defendant knew the age of the victim at the time of the offense, then you will find the Defendant "guilty" of continuous sexual abuse of a child, as charged in Count One of the indictment.

7