*1676·14*

No. PD-1676-14

ORIGINAL

IN THE
COURT OF CRIMINAL APPEALS
OF TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 27 2015

Abel Acosta, Clerk

RORY KEITH JONES,
Appellant/Petitioner

VS.

THE STATE OF TEXAS
Appellee/Respondent

FILED IN
COURT OF CRIMINAL APPEALS

FEB 27 2015

Abel Acosta, Clerk

Petition in Cause No. F-2014-0079-C from the 211th Judicial District Court of Denton County, Texas, and the Fourth Court of Appeals, Texas, No. 02-14-00068-CR

## PETITION FOR DISCRETIONARY REVIEW

Respectfully submitted,

**Rory K. Jones**
Appellant/Petitioner, Pro se
TDCJ-CID#01914710
Wynne Unit
810 FM 2821
Huntsville, Texas 77349

# INDEX

LIST OF AUTHORITIES..................................................................................3

STATEMENT REGARDING ORAL ARGUMENT..............................................4

STATEMENT OF THE CASE.........................................................................4

STATEMENT OF PROCEDURAL HISTORY.....................................................6

QUESTION FOR REVIEW..............................................................................2

1. Whether the court of appeals erred by failing to find the evidence insufficient to support the conviction because of the State failed to disprove double-jeopardy attached beyond a reasonable doubt, violating Due Process and Petitioner's right to a fair trial, in violation of Art. 1, §§ 13 & 19 of the Texas Constitution, Art. 1.04, Texas Code of Criminal Procedure. [1]

REASONS FOR REVIEW.................................................................................7

ARGUMENT & AUTHORITIES....................................................................11-17

PRAYER FOR RELIEF................................................................................17

CERTIFICATE OF SERVICE.........................................................................18

APPENDIX A................................................................................Opinion

---

[1] *Saxton v. State*, 776 S.W.2d 685 (Tex. App. — Houston [14th Dist.] 1989).

# LIST OF AUTHORITIES

**CASE LAW:**                                                                    **PAGE:**

*Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007)............................13

*Lancon v. State*, 253 S.W.3d 699, 705 (Tex. Crim. App. 2008)............................13

*Jackson v. Virginia*, 443 U.S. 307, 319 (1979)........................................................ 12

*Saxton v. State*, 776 S.W.2d 685 (Tex. App. — Houston [14th Dist.] 1989).............. 2

*Saxton v. State*, 804 S.W.2d 910, 914 (Tex. Crim. App.)......................................12

Westbrook v. State, 29 SW3d 103, 111 (Tex. Crim. App. 2000)............................12

*Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007)..........................13

*Zuliani v. State*, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003).............................. 12

**STATUTES:**                                                                    **PAGE:**

TEX. PENAL CODE §§ 19.02(b) (1) & (b) (2) ...............................................5

Tex. R. App. P. 66.3(a)..............................................................6

Tex. R. App. P. 66.3(b) .............................................................6, 17

Tex. Penal Code Ann. § 19.02(b).................................................... 11

Tex. Penal Code Ann. § 19.02(a) (1)-(2), (d) (West)....................................14

Tex. R. Evid. 801(d) ...............................................................16

Tex. R. Evid. 802....................................................................... 16

Tex.R.Evid.803(2)......................................................... 16

No. PD-1676-14

PD-1676-14

IN THE
COURT OF CRIMINAL APPEALS
OF TEXAS

RORY KEITH JONES,
Appellant/Petitioner

VS.

THE STATE OF TEXAS
Appellee/Respondent

Petition in Cause No.F-2014-0079-C from the 211th Judicial District Court of Denton County, Texas, and the Fourth Court of Appeals, Texas, No. 02-14-00068-CR

**PETITION FOR DISCRETIONARY REVIEW**

**TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:**

Appellant-Petitioner Rory K. Jones, (hereinafter "Petitioner"), petitions the Court

to review the decision affirming the judgment and sentence in cause number F-2004-

0079-C, out of the 211th Judicial District Court of Denton County, Texas.

4

## STATEMENT REGARDING ORAL ARGUMENT

Petitioner is not an attorney and incarcerated. Oral argument would not be helpful to the Court under these circumstances.

## STATEMENT OF THE CASE

Petitioner Rory Keith Jones was charged, indicted and convicted for the felony offenses of aggravated robbery, aggravated assault, and attempted kidnapping. See Tex. Penal Code Ann. §§ 15.01, 20.04, 22.02(a)(2), 29.03 (West 2011). After Petitioner pleaded true to the prior-felony-conviction enhancement paragraph in each indictment, the jury assessed punishment at life in prison in each case and assessed fines in the amounts of $10,000 for the aggravated assault conviction and $2,500 for the attempted aggravated kidnapping conviction. The trial court sentenced Petitioner accordingly, ordering that the sentences run concurrently. In a single issue, Petitioner claims that convicting him for both aggravated robbery and aggravated assault violated the Fifth Amendment proscription against double jeopardy. The State concedes error on this issue and requests that we set aside Petitioner's conviction and punishment for aggravated assault. After conducting an independent evaluation, we will vacate and dismiss Petitioner's conviction for aggravated assault and affirm Petitioner's convictions for aggravated robbery and attempted aggravated kidnapping.[2] This proceeding followed.

## STATEMENT OF PROCEDURAL HISTORY

A panel of the Second Court of Appeals affirmed the judgment of the trial court in a decision rendered November 20, 2014. (*See Jones v. State,* No. 02-14-00068-CR).

---

[2] Although Petitioner appealed his conviction for attempted aggravated kidnapping, he did not assert any error. Thus, the court of appeals affirmed the conviction as a matter of course and included this fact in a footnote of its memorandum opinion. *Id.* Fn. 2.

Petitioner filed one motion for an extension of time, which was granted by the Court allowing Petitioner up to and including, Friday, February 20, 2015, in which to file his *pro se* PDR. This PDR was deposited into the prison mailbox on February 19, 2015, making it timely. Additionally, as an incarcerated litigant, Petition filed a motion to suspend Rule 9(c), Tex. R. App. P., which the Court granted requiring him to only file one copy of the instant PDR. Petitioner now files his petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.

## QUESTIONS PRESENTED FOR REVIEW

1. Whether the court of appeals erred by failing to find the evidence insufficient to support the conviction because of the State failed to disprove double-jeopardy attached beyond a reasonable doubt, violating Due Process and Petitioner's right to a fair trial, in violation of Art. 1, §§ 13 & 19 of the Texas Constitution, Art. 1.04, Texas Code of Criminal Procedure.

## REASONS FOR REVIEW

A. The Court of Appeals' decision conflicts with other Court of Appeals' decisions on the same issues. Tex. R. App. P. 66.3(a).

B. The Court of Appeals has erroneously decided important questions of state and federal law that have not been, but should be, settled by this Court. Tex. R. App. P. 66.3(b).

C. The Court of Appeals has decided important questions of state and federal law in conflict with applicable decisions of the Supreme Court of the United States. Tex. R. App. P. 66.3(c).

## ARGUMENT IN SUPPORT OF REASONS FOR REVIEW

*Factual Background*

After getting off work as a maid at the Best Value Inn in Lewisville, Texas, Modesta Sanchez-Montero saw Petitioner walk by where she was sitting. About twenty minutes later, Petitioner approached her from behind, grabbed her, and demanded money.

6

Petitioner was wielding an object that appeared to be a screwdriver and threatened to stab Sanchez-Montero if she did not comply with his demands. He then began beating her and forcibly dragging her towards a truck in the parking lot. Sanchez-Montero broke free, ran to her room, and called the motel owner. The owner confronted Petitioner and told him to wait while the owner investigated the situation. Petitioner instead got into his truck and fled the motel. The State charged Petitioner with aggravated robbery, aggravated assault, and attempted aggravated kidnapping. The pertinent portion of Petitioner's aggravated robbery indictment read:" [W]hile in the course of committing theft of property and with intent to obtain or maintain control of said property, [Petitioner did] intentionally or knowingly threaten or place Modesta Sanchez-Montero in fear of imminent bodily injury or death, and [Petitioner] did then and there use or exhibit a deadly weapon, to-wit: a screwdriver or an object unknown to the Grand Jury, that in the manner of its use or intended use was capable of causing death or serious bodily injury."

The pertinent portion of Petitioner's aggravated assault indictment read: "[Petitioner did] intentionally or knowingly threaten Modesta Sanchez-Montero with imminent bodily injury, and did then and there during the commission of said assault, use or exhibit a deadly weapon, to-wit: a screwdriver or an unknown object to the Grand Jury, that in the manner of its use or intended use or intended use was capable of causing death or serious bodily injury.

*Question One Restated*

1. Whether the court of appeals erred by failing to find the evidence insufficient to support the conviction because of the State failed to disprove double-jeopardy attached beyond a reasonable doubt, violating Due Process and Petitioner's right to a fair trial, in violation of Art. 1, §§ 13 & 19 of the Texas Constitution, Art. 1.04, Texas Code of Criminal Procedure.

7

The Double Jeopardy Clause of the United States Constitution provides that no person shall be subjected to twice having life or limb in jeopardy for the same offense. U.S. Const. amend. V. A double jeopardy claim may be raised for the first time on appeal "when the undisputed facts show the double jeopardy violation is clearly apparent on the face of the record and when enforcement of usual rules of procedural default serves no legitimate state interests." *Gonzalez v. State*, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000) (footnotes omitted); *see Langs v. State*, 183 S.W.3d 680, 686-87 (Tex. Crim. App. 2006).

Impermissible multiple punishments occur when the same criminal act is punished twice under two distinct statutory provisions and the legislature intended that the conduct be punished only once. *Bigon v. State*, 252 S.W.3d 360, 370 (Tex. Crim. App. 2008). To determine whether there have been multiple punishments for the same offense, we apply the "same elements" test from *Blockburger v. United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 182 (1932). *See Ex Parte Denton*, 399 S.W.3d 540, 545 (Tex. Crim. App. 2013). We focus on the elements alleged in the charging instrument to determine whether the offenses as charged require proof of the same elements. *Bigon*, 252 S.W.3d at 370. Double-jeopardy challenges should be made even to offenses that have differing elements under the *Blockburger* test "if the same 'facts required' are alleged in the indictment." *Id.* (citing *Hall v. State*, 225 S.W.3d 524 (Tex. Crim. App. 2007)). If two offenses do not have the same elements under the *Blockburger* test, but if other indicia manifest a legislative intent that an accused not be punished for two offenses arising from the course of a single transaction, an accused may not be punished for both offenses. *See Gonzales v. State*, 304 S.W.3d 838, 845-46 (Tex. Crim. App. 2010).

8

Here, the indictments for aggravated robbery and aggravated assault both alleged that Petitioner intentionally or knowingly threatened Modesta Sanchez- Montero with imminent bodily injury and used a screwdriver or unknown object that in its manner of use or intended use was capable of causing death or serious bodily injury. The indictment for aggravated robbery further alleged that Petitioner committed theft. When faced with the same double jeopardy issue as we have here and almost identical indictments, the court of criminal appeals in *Denton* explained,

> [A]s plead, aggravated assault is a lesser-included offense of aggravated robbery because "it is established by proof of the same or less than all the facts required to establish the commission of the offense charged[.]" "If . . . the prosecution, in proving the elements of one charged offense, also necessarily proves another charged offense, then that other offense is a lesser-included offense." If there is no clear legislative intent to punish the offenses separately, multiple punishments for the criminal act that is the subject of the prosecution is barred. No such intent has been shown here. We conclude that applicant has shown that [his convictions for aggravated robbery and aggravated assault] are in violation of his constitutional double-jeopardy protections that preclude multiple punishments for the same offense.

399 S.W.3d at 547. Here, as in *Denton,* the aggravated assault, as charged, is a lesser-included offense of the aggravated robbery, and Jones's convictions for both offenses violated double jeopardy. *See id.; cf. Garfias v. State,* 424 S.W.3d 54, 63-64 (Tex. Crim. App.) (holding that aggravated assault by causing bodily injury was not a lesser-included offense of aggravated robbery by threat), *cert. denied,* 2014 WL 3753800 (2014).

While it is true that the court of appeals vacated Petitioner's aggravated assault conviction, Petitioner avers that it should have vacated both the aggravated robbery and

aggravated assault convictions, versus just the one.

Petitioner respectfully submits that this Court should settle these weighty constitutional questions, of grave concern to Texas' citizens and of great importance to Texas jurisprudence. Tex. R. App. P. 66.3(b).

## PRAYER FOR RELIEF

Petitioner respectfully prays that this Honorable Court grant his Petition for Discretionary Review and reverse the decision of the Court of Appeals.

Signed on this the 19th day of February 2015.

Respectfully submitted,

Rory K. Jones, Petitioner, **Pro se**
TDCJ-CID#01914710
Wynne Unit
810 FM 2821
Huntsville, Texas 77349

## CERTIFICATE OF SERVICE

I, Rory K. Jones, TDCJ-CID#01914710, Petitioner, *pro se*, herein certifies that a true and correct copy of the above and foregoing Petition for Discretionary Review was sent to the Denton County District Attorney, and The State Prosecuting Attorney, by placing same, in the prison mail box, first-class, postage paid, on this the 19th day of February, 2015..

Rory K. Jones, Petitioner, Pro se

# Appendix

# A



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-14-00068-CR
### 02-14-00069-CR
### 02-14-00070-CR

RORY JONES                                                    APPELLANT

V.

THE STATE OF TEXAS                                                STATE

----------

FROM THE 211TH DISTRICT COURT OF DENTON COUNTY
TRIAL COURT NO. F-2014-0079-C, F-2014-0080-C, F-2014-0081-C

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

A jury convicted Appellant Rory Jones of aggravated robbery, aggravated assault, and attempted aggravated kidnapping. *See* Tex. Penal Code Ann. §§ 15.01, 20.04, 22.02(a)(2), 29.03 (West 2011). After Jones pleaded true to the

---

[1]*See* Tex. R. App. P. 47.4.

prior-felony-conviction enhancement paragraph in each indictment, the jury assessed punishment at life in prison in each case and assessed fines in the amounts of $10,000 for the aggravated assault conviction and $2,500 for the attempted aggravated kidnapping conviction. The trial court sentenced Jones accordingly, ordering that the sentences run concurrently. In a single issue, Jones claims that convicting him for both aggravated robbery and aggravated assault violated the Fifth Amendment proscription against double jeopardy. The State concedes error on this issue and requests that we set aside Jones's conviction and punishment for aggravated assault. After conducting an independent evaluation, we will vacate and dismiss Jones's conviction for aggravated assault and affirm Jones's convictions for aggravated robbery and attempted aggravated kidnapping.[2]

## II. FACTUAL AND BACKGROUND

After getting off work as a maid at the Best Value Inn in Lewisville, Texas, Modesta Sanchez-Montero saw Jones walk by where she was sitting. About twenty minutes later, Jones approached her from behind, grabbed her, and demanded money. Jones was wielding an object that appeared to be a screwdriver and threatened to stab Sanchez-Montero if she did not comply with his demands. He then began beating her and forcibly dragging her towards a

---

[2]Although Jones appealed his conviction for attempted aggravated kidnapping, he did not assert any error. Thus, we affirm the conviction as a matter of course and include it here only in the interest of clarity.

2

truck in the parking lot. Sanchez-Montero broke free, ran to her room, and called the motel owner. The owner confronted Jones and told him to wait while the owner investigated the situation. Jones instead got into his truck and fled the motel.

The State charged Jones with aggravated robbery, aggravated assault, and attempted aggravated kidnapping. The pertinent portion of Jones's aggravated robbery indictment read:

> [W]hile in the course of committing theft of property and with intent to obtain or maintain control of said property, [Jones did] intentionally or knowingly threaten or place Modesta Sanchez-Montero in fear of imminent bodily injury or death, and [Jones] did then and there use or exhibit a deadly weapon, to-wit: a screwdriver or an object unknown to the Grand Jury, that in the manner of its use or intended use was capable of causing death or serious bodily injury.

The pertinent portion of Jones's aggravated assault indictment read:

> [Jones did] intentionally or knowingly threaten Modesta Sanchez-Montero with imminent bodily injury, and did then and there during the commission of said assault, use or exhibit a deadly weapon, to-wit: a screwdriver or an unknown object to the Grand Jury, that in the manner of its use or intended use was capable of causing death or serious bodily injury.

### III. DOUBLE JEOPARDY

Jones argues, and the State agrees, that convicting him of aggravated assault and aggravated robbery, both by threat, for the same criminal act violated the double jeopardy protections guaranteed by the Fifth Amendment. *See* U.S. Const. amend. V, cl. 2. We agree. *See Saldano v. State*, 70 S.W.3d 873, 884

3

(Tex. Crim. App. 2002) (explaining that the State's confession of error is not conclusive on review and conducting an independent review on the merits).

The Double Jeopardy Clause of the United States Constitution provides that no person shall be subjected to twice having life or limb in jeopardy for the same offense. U.S. Const. amend. V. A double jeopardy claim may be raised for the first time on appeal "when the undisputed facts show the double jeopardy violation is clearly apparent on the face of the record and when enforcement of usual rules of procedural default serves no legitimate state interests." *Gonzalez v. State*, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000) (footnotes omitted); *see Langs v. State*, 183 S.W.3d 680, 686–87 (Tex. Crim. App. 2006).

Impermissible multiple punishments occur when the same criminal act is punished twice under two distinct statutory provisions and the legislature intended that the conduct be punished only once. *Bigon v. State*, 252 S.W.3d 360, 370 (Tex. Crim. App. 2008). To determine whether there have been multiple punishments for the same offense, we apply the "same elements" test from *Blockburger v. United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 182 (1932). *See Ex Parte Denton*, 399 S.W.3d 540, 545 (Tex. Crim. App. 2013). We focus on the elements alleged in the charging instrument to determine whether the offenses as charged require proof of the same elements. *Bigon*, 252 S.W.3d at 370. Double-jeopardy challenges should be made even to offenses that have differing elements under the *Blockburger* test "if the same 'facts required' are alleged in the indictment." *Id.* (citing *Hall v. State*, 225 S.W.3d 524 (Tex. Crim.

4

App. 2007)). If two offenses do not have the same elements under the Blockburger test, but if other indicia manifest a legislative intent that an accused not be punished for two offenses arising from the course of a single transaction, an accused may not be punished for both offenses. *See Gonzales v. State*, 304 S.W.3d 838, 845–46 (Tex. Crim. App. 2010).

Here, the indictments for aggravated robbery and aggravated assault both alleged that Jones intentionally or knowingly threatened Modesta Sanchez-Montero with imminent bodily injury and used a screwdriver or unknown object that in its manner of use or intended use was capable of causing death or serious bodily injury. The indictment for aggravated robbery further alleged that Jones committed theft. When faced with the same double jeopardy issue as we have here and almost identical indictments, the court of criminal appeals in *Denton* explained,

> [A]s plead, aggravated assault is a lesser-included offense of aggravated robbery because "it is established by proof of the same or less than all the facts required to establish the commission of the offense charged[.]" "If . . . the prosecution, in proving the elements of one charged offense, also necessarily proves another charged offense, then that other offense is a lesser-included offense." If there is no clear legislative intent to punish the offenses separately, multiple punishments for the criminal act that is the subject of the prosecution is barred. No such intent has been shown here. We conclude that applicant has shown that [his convictions for aggravated robbery and aggravated assault] are in violation of his constitutional double-jeopardy protections that preclude multiple punishments for the same offense.

399 S.W.3d at 547. Here, as in *Denton*, the aggravated assault, as charged, is a lesser-included offense of the aggravated robbery, and Jones's convictions for

5

both offenses violated double jeopardy.[3] *See id.*; *cf. Garfias v. State*, 424 S.W.3d 54, 63–64 (Tex. Crim. App.) (holding that aggravated assault by causing bodily injury was not a lesser-included offense of aggravated robbery by threat), *cert. denied*, 2014 WL 3753800 (2014).

When a defendant has been prosecuted and convicted in a single criminal action of two or more offenses that constitute the same offense, in violation of double jeopardy, the remedy is to apply "the most serious offense" test and retain the conviction for the "most serious" offense. *Denton*, 399 S.W.3d at 547. The "most serious" offense is the offense for which the greatest sentence was assessed. *Ex parte Cavazos*, 203 S.W.3d 333, 338 (Tex. Crim. App. 2006); *see also Evans v. State*, 299 S.W.3d 138, 141 (Tex. Crim. App. 2009); *Bigon*, 252 S.W.3d at 372–73. But when the punishment for each conviction is identical, we cannot look to only the sentences imposed to determine the most serious offense. *See Bigon*, 252 S.W.3d at 373. Instead, we have to look to other criteria, including the degree of felony for each offense, to determine which offense is the most serious. *Id.*; *White v. State*, 395 S.W.3d 828, 832 (Tex. App.—Fort Worth 2013, no pet.).

In this case, Jones received a life sentence for both the aggravated assault and aggravated robbery convictions. Because aggravated robbery is a first-

---

[3]Jones did not raise a double jeopardy claim in the trial court, but as both parties assert on appeal, the double jeopardy violation is clearly apparent on the face of the record and enforcement of usual rules of procedural default serves no legitimate state interests. *See Gonzalez*, 8 S.W.3d at 643.

degree felony and aggravated assault is a second-degree felony, aggravated robbery is the most serious offense here.[4] *See* Tex. Penal Code Ann. §§ 22.02(b), 29.03(b). As such, we will vacate Jones's conviction for aggravated assault. *See Bigon*, 252 S.W.3d at 373; *White*, 395 S.W.3d at 833. We sustain Jones's sole issue.

## IV. CONCLUSION

Having sustained Jones's sole issue, we vacate and dismiss his conviction for aggravated assault and affirm the convictions for aggravated robbery and attempted aggravated kidnapping.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL: LIVINGSTON, C.J.; WALKER and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: November 20, 2014

---

[4]Both offenses were enhanced with a prior felony conviction. Thus, the aggravated robbery offense was enhanced to a "hybrid" first-degree felony with a punishment range of not less than fifteen years or more than ninety-nine years or life in prison. *See* Tex. Penal Code Ann. § 12.42(c)(1) (West Supp. 2014). The aggravated assault offense was enhanced to a first-degree felony. *See id.* § 12.42(b).

7

Mr. Rory K. Jones, #01914710
Wynne Unit
810 FM 2821
Huntsville, Texas 77349

Mr. Abel Acosta, Clerk
Court of Criminal Appeals
P.O. Box 12308
Austin, Texas 78711-2308

U.S. POSTAGE
$2.87
FCM LG ENV
77478
Date of sale
02/25/15
06  2S00
08339906  SSK

A4 19502252255 17

0 lb. 9.60 oz

**F**

USPS® FIRST-CLASS MAIL®

SHIP
TO:

AUSTIN TX 78711

ZIP

(420) 78711