

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. AP-76,971

### Ex parte ROBERT WAYNE WHITE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### IN CAUSE NO. 30,545-B IN THE 124TH DISTRICT COURT
### GREGG COUNTY

KELLER, P.J., delivered the opinion of the Court in which PRICE, WOMACK, JOHNSON, KEASLER, HERVEY, COCHRAN and ALCALA, JJ., joined. MEYERS, J., did not participate.

Applicant was denied bail on a new offense because of a "hold" on him that was the result of a pending but unexecuted parole-revocation warrant in the case at bar. We decide that applicant was entitled to time credit on the sentence in this case for the period that he was confined pursuant to the "hold" in the new case.

**A. Background**

Applicant was convicted of burglary of a habitation in the case at bar. He was released to parole on May 16, 2005. On July 20, 2006, the Parole Board issued a parole-revocation warrant (blue warrant) for his arrest, but the warrant was not executed. Within a few weeks, applicant was arrested and then transferred to the Gregg County jail for a new offense unrelated to the blue warrant. The unexecuted blue warrant was lodged against applicant as a "hold without bond" detainer on

September 3, 2006. This hold prevented him from being released to bail on the new charge. The blue warrant was formally executed on December 1, 2006, and the Texas Department of Criminal Justice (TDCJ) applied credit to applicant's revocation sentence from that date.

After receiving an adverse determination from TDCJ's time-credit-resolution system, applicant filed a habeas application alleging that he was entitled to credit from the date he was transferred to the Gregg County jail to the date the warrant was executed. The trial court and the State agreed that applicant was entitled to 89 days credit from September 3, 2006, to November 30, 2006, but we remanded the application to the trial court to obtain a response from TDCJ.[1] After receiving information regarding the matter from Gregg County, TDCJ changed the "execution date" of the blue warrant in its records from December 1 to September 3, apparently giving applicant the time credit he requested. The trial court then issued revised findings incorporating this information and continuing to recommend that applicant be granted relief.

Although it appeared that applicant had already received the relief he sought, we decided to file and set the case to determine whether time credit should run from the date a blue warrant is executed or from the date a releasee is confined as a result of a pending but unexecuted blue warrant.[2] The parties continue to agree that applicant is entitled to relief. The Gregg County District Attorney requests that we clarify the relevant law and hold that applicant and parolees like him are entitled to relief. The Tarrant County District Attorney has filed an amicus brief arguing that applicant and similarly situated parolees are entitled to relief. TDCJ has not submitted a brief.

---

[1] *Ex parte White*, No. WR-78,529-01 (Tex. Crim. App. December 5, 2012) (not designated for publication).

[2] *Ex parte White*, No. AP-76,971 (Tex. Crim. App. February 13, 2013) (not designated for publication)

**B. Analysis**

Government Code section 508.253 provides:

> If it appears a releasee has violated a condition or provision of the releasee's parole or mandatory supervision, the date of the issuance of the warrant to the date of the releasee's *arrest* is not counted as part of the time served under the releasee's sentence.[3]

The question is what counts as an "arrest" for the purpose of determining when time credit begins to run. The Government Code does not contain a definition of arrest. In construing a statute, we accord the text its plain meaning, unless the text is ambiguous or the plain meaning leads to absurd results that the legislature could not have possibly intended.[4] There are two possible meanings of the term "arrest" as it is used in the present statute: (1) arrest occurs when the blue warrant is executed, or (2) arrest occurs when the blue warrant causes the defendant's confinement, regardless of whether it has been executed. Because the statute is ambiguous, we look to extratextual factors. One such factor is that it is desirable to construe a statute to avoid a potential constitutional violation.[5]

In *Ex parte Canada*, we considered whether the Texas Constitution was violated in a case that is in some ways similar to present case. There, we held that, when a defendant's parole is revoked, denying him credit for the time he was confined pursuant to a pre-revocation warrant violates due course of law under Article I, § 19, of the Texas Constitution.[6] Although *Canada*

---

[3] TEX. GOV'T CODE § 508.253 (emphasis added).

[4] *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991).

[5] *Sisk v. State*, 131 S.W.3d 492, 497 (Tex. Crim. App. 2004).

[6] 754 S.W.2d 660, 668 (Tex. Crim. App. 1988).

focused on "the execution of a pre-revocation warrant," it did so in conjunction with the fact that the parolee spent time in confinement as a result.[7] We agree with the parties and amicus that it is the confinement caused by the blue warrant, not its formal execution, that the Court in *Canada* was concerned about: "[W]hen the pre-revocation warrant is executed [the parolee's] practical status is obviously altered—he is again in the physical custody of the State. Thus, although the parolee's parole status has not changed (he is still on parole), he no longer enjoys the primary benefit of parole, the release from confinement."[8] Accordingly, we conclude that, for purposes of section 508.253, an "arrest" occurs when the blue warrant causes the defendant's confinement.[9] Thus, applicant's "arrest" occurred when the blue warrant made him ineligible for bail on the new offense, which would have otherwise been bailable.

We grant relief.

Delivered: June 5, 2013
Publish

---

[7] *Id.*

[8] *Id.* at 666.

[9] The parties, the trial court, and amicus all appear to agree not just on the correct resolution of the present case, but on the correct resolution of the legal issue involved. *See and compare*, *Ex parte Denton*, Nos. AP-76,801 & AP-76,802 (Tex. Crim. App. May 22, 2013) (Keller, P.J., concurring). Moreover, the issue in this case is not particularly complex, all interested parties have had the opportunity to address the legal issue involved, and we have previously issued an unpublished opinion granting relief on this issue. *See Ex parte Conner*, No. AP-76,897, 2012 Tex. Crim. App. Unpub. LEXIS 1120 (Tex. Crim. App. October 31, 2012) (not designated for publication) (relying upon *Canada*).