ACCEPTED
07-15-0091-CR
SEVENTH COURT OF APPEALS
AMARILLO, TEXAS
10/26/2015 5:35:07 PM
Vivian Long, Clerk

**No. 07-15-00091-CR; 07-15-00106-CR; 07-15-00107-CR**

FILED IN
7th COURT OF APPEALS
AMARILLO, TEXAS
10/26/2015 5:35:07 PM
VIVIAN LONG
CLERK

_____

**IN THE COURT OF APPEALS
FOR THE SEVENTH DISTRICT OF TEXAS
AT AMARILLO, TEXAS**

_____

**DANIEL LEE AINSWORTH**,
APPELLANT

VS.

**THE STATE OF TEXAS**,
APPELLEE

_____

On Appeal From The
County Court At Law No. 1 of Potter County, Texas
Honorable W. F. "CORKY" ROBERTS, Presiding
Trial Court Cause No. 141,066-1; 141,094-1; 141,118-1

---

**BRIEF FOR THE STATE OF TEXAS**

---

C. SCOTT BRUMLEY
POTTER COUNTY ATTORNEY
State Bar No. 00783738

J. WILLIAM RICHMOND
Assistant County Attorney
State Bar No. 24085552
500 South Fillmore, Room 303
Amarillo, Texas 79101
Telephone: (806) 379-2255
Fax: (806) 379-2215
Email: williamrichmond@co.potter.tx.us
ATTORNEYS FOR THE STATE
ORAL ARGUMENT WAIVED

## IDENTITY OF PARTIES AND COUNSEL

**Appellant**……………………………………. Daniel Lee Ainsworth
TDCJ #00615301
Telford Unit
3899 Hwy 98
New Boston, TX 75570


**Appellant's Appellate Counsel**……………. W. Brooks Barfield Jr.
P.O. Box 308
Amarillo, TX   79105


**Appellee**……………………………………… THE STATE OF TEXAS

C. SCOTT BRUMLEY
COUNTY ATTORNEY

J. William Richmond
Trial and Appellate Counsel

500 S. Fillmore, Room 303
Amarillo, Texas  79101

# TABLE OF CONTENTS

IDENTITY OF PARIES…………………………….………………….i

INDEX OF AUTHORITIES …………………………………..….………iii

STATEMENT OF THE CASE …………………………………….…..……2

STATEMENT OF THE FACTS …………………………………..….……..2

SUMMARY OF THE STATE'S ARGUMENTS………………….…..…….3

ARGUMENT...……………………………………………………….…3

STATE'S RESPONSE TO ISSUE ONE:
    a. The alleged harm that Applicant suffered has been rendered moot.
    b. The trial court did not have the authority to grant or deny Applicant's writ.
    c. Even if the trial court did have the authority over the writ, it did not abuse its discretion in denying the writ.

CONCLUSION……………………………………………………..……10

PRAYER ……………………………..……………………….…………10

CERTIFICATE OF COMPLIANCE……………………………….…..11

CERTIFICATE OF SERVICE …………………………………………..11

# INDEX OF AUTHORITIES

## CASES

*Bennet v. State*, 818 S.W.2d 199, 199-200 (Tex.Crim.App. 1991)……………5

*Board of Pardons and Parolex ex. Rel. Keene v/ court of Appeals for the Eight Dist.*, 910 S.W.2d 481, 483 (Tex.Crim.App. 1995)……………….…….……......5,6

*Ex parte Elliot*, 746 S.W.2d 762 (Tex.Crim.App. 1988)…………………….…..6

*Ex parte Hoang*, 872 S.W.2d 694 (Tex.Crim.App. 1993)……………...…….....5

*Ex parte Layton*, 928 S.W.2d 781, 781-82 (Tex.Crim.App.- Amarillo 1996)…7

*Ex parte Okere*, 56 S.W.3d 846, 854 (Tex.Crim.App. 2001)…………………..7

*Ex parte Schmidt*, Tex.Crim.App. 109 S.W.3d 480, 483 (2003)………….……5

*Ex parte White*, 400 S.W.3d 92, 93 (Tex.Crim.App. 2013)…………………….6

*In re Vincent Friemel*, No. 07-08-0216-CV, 2008 WL 2346396 (Tex.Crim.App. 1995)………………………………………………………………….……….5

*Knight v. Estelle*, 501 F.2d 963, 964 (U.S. Fifth Cir. 1974)……………………8

*Martinez v. State*, 826 S.W.2d 620, 620 (Tex.Crim.App 1992)…………………5

*Saucedo v. State*, 795 S.W.2d 8, 9 (Tex.App.-Houston 1990)…………………..5

## CODES

TEX. CODE CRIM. PROC. Art. 4.07……………………………………..…5

TEX. CODE CRIM. PROC. Art. 11.01………………………………….……5

TEX. CODE CRIM. PROC. Art. 11.07……………………………………….5,6

TEX. CODE CRIM PROC. Art. 11.09………………………………..…5

TEX. GOV. CODE Art. 508.254……………………………….…………..7

TEX. GOV. CODE Art. 508.282………………………………...………8

TEX. PEN. CODE Sec. 12.21……………...…………………………..…………...2

**No. 07-15-00091-CR; 07-15-00106-CR; 07-15-00107-CR**

_____

**IN THE COURT OF APPEALS
FOR THE SEVENTH DISTRICT OF TEXAS
AT AMARILLO, TEXAS**

_____

**DANIEL LEE AINSWORTH**,
APPELLANT

VS.

**THE STATE OF TEXAS**,
APPELLEE

_____

On Appeal From The
County Court At Law No. 1 of Potter County, Texas
Honorable W. F. "CORKY" ROBERTS, Presiding
Trial Court Cause No. 141,066-1; 141,094-1; 141,118-1

_____

**BRIEF FOR THE STATE**

_____

TO THE HONORABLE COURT OF APPEALS:

Comes now the State, by and through its Assistant County Attorney, and respectfully submits its brief on Applicant's request for an 11.09 writ, urging that this Honorable Court deny Applicant's appeal.

1

## STATEMENT OF THE CASE

Applicant was charged by information in cause numbers 141,066-1, 141,094-1, and 141,118-1 in the County Court at Law No. One of Potter County, Texas, all alleged to have occurred on February 27, 2014. R.R.vol.2. pg.8. This was a unified proceeding with only one Reporter's Record, so all cites are the same for all cause numbers. Applicant was charged with Terroristic Threat, Family Violence, in cause number 141,066-1; Assault Causes Bodily Injury, Family Violence; and Interference with an Emergency Request For Assistance in cause number 141,118-1. CR 141,006 pg.6; CR 141,094 pg.6; CR 141,118 pg.6. All three offenses are Class A misdemeanors, punishable by a fine not to exceed $4,000; confinement in jail for a term not to exceed 365 days; or both such fine and confinement. Tex. Pen. Code Section 12.21, 2013.

On January 27, 2015 Applicant's filed his writ for all three charges. On February 3, 2015, the trial court held a hearing on the writ, and denied it. RR vol. 1 pg. 15. A unified bench trial was held on April 27, 2015. The Appellant pleaded not guilty to all three charges. R.R. vol.2 pg.16. The trial court found the Appellant guilty of all three charges. The trial court assessed punishment for cause number 141,066-1 at one year in the Potter County jail, plus a $4000.00 fine; cause number 141,094-1, at one year in the Potter County jail, plus a $4000.00 fine; and in cause number 141,118-1, at one year in the Potter County jail, plus a $4000.00 fine. CR 141,066 pg. 66-67, CR 141,094 pg. 68-69, CR 141,118 pg. 68-69.

2

Applicant filed separate appeals on both the denial of his writ and the verdict at trial. This brief only pertains to the denial of the writ. This Court abated the appellate proceedings and ordered the trial court to hold a hearing on whether to appoint counsel for the Applicant on his writ action. As a result of that hearing, appellate counsel was appointed for the Applicant. This Court then reinstated the appellate proceedings.

## STATEMENT OF FACTS

The Appellee stipulates that the Statement of Facts as set forth in the Appellant's brief are correct, save for the section entitled "Writ Hearing February 3, 2015" on page 9. The State would submit its own Statement of Facts for that section only:

## WRIT HEARING FEBRUARY 3, 2015

The trial court conducted a hearing on Applicant's writ. Applicant represented himself, with assistance from counsel. RR vol. 1 pg. 2. Applicant argued that he was being illegally detained on a blue warrant. The blue warrant stated that the charge was Aggravated Assault with a Deadly Weapon, but the violation itself was that Office Renner with the Amarillo Police Department had submitted a report that the Applicant had assaulted Patricia Peek. The blue warrant was issued on July 14, 2015. The felony was dismissed on December 1, 2015. The misdemeanor charges were based on the same facts that had given rise to the dismissed aggravated assault charge. RR vol. 1 pg. 15.

Applicant argued that any court could issue a writ for any person unlawfully detained, regardless of where the detainment occurred or what it was based on. RR vol. 1 .pg. 11. The State was unsure whether the trial court had that type of authority. RR vol. 1 pg. 11. The trial court denied the writ without comment. RR vol. 1 pg. 15.

## SUMMARY OF THE STATE'S ARGUMENTS

**Issue One, as to whether the trial court erred in denying Applicant's relief**:

a. The harm that Applicant has allegedly suffered has been rendered moot. If the premise of a habeus corpus application has been destroyed by subsequent developments, than the issue is rendered moot. Since the denial of the writ, Applicant was found guilty on his misdemeanor charges and was revoked off of parole. Since he is no longer in the custody of the Potter County Detention Center, and the blue warrant is no longer in existence, the issue of whether it should have been retracted has been rendered moot.

b. The trial court did not have the authority to grant or deny Applicant's writ. In a post-conviction proceeding for a felony, the sole court with authority to hear a request for a writ is the Court of Criminal Appeals. Applicant was a parolee with a final conviction for a felony. He was being held on a blue warrant, which alleged a violation of Applicant's parole. This necessarily means that the only court that had the authority to hear his writ was the Court of Criminal Appeals.

c. Even if the trial court had the authority to rule on the writ, it was justified in doing so. The Government Code only requires the Parole Board to give a parolee a preliminary hearing within 41 days of revoking his parole if the violation is of an administrative nature. Since

4

the Applicant committed a criminal violation of his parole, and the blue warrant was issued because Applicant had assaulted a person, the trial court could justifiably deny Applicant's writ.

## ARGUMENT

## THE STATE'S RESPONSE TO ISSUE ONE

### a. THE ISSUE HAS BEEN RENDERED MOOT

LEGAL STANDARD

A habeus corpus application is an extraordinary remedy. *Bennet v. State*, 818 S.W.2d 199, 199 (Tex.Crim.App.- Houston 1991). When the premise of a habeus corpus application has been destroyed by subsequent development, the case is rendered moot. *Id* at 200, ctg. *Saucedo v. State*, 795 S.W.2d 8, 9 (Tex.App.-Houston) 1990. When the applicant is no longer subject to pre-trial confinement, the habeus petition becomes moot. *Martinez v. State*, 826 S.W.2d 620, 620 (Tex.Crim.App 1992).

PRESENT CASE

In this case, the Applicant appealed the denial of his habeus corpus petition after he had been tried, convicted, and sentenced. He has appeals pending on his misdemeanor convictions, but the sentences themselves have been served. The Applicant is no longer in the custody of the Potter County Detention Center, and has since been transferred to the Texas Department of Criminal Justice. These developments have effectively rendered Applicant's appeal of his habeus corpus denial moot. The blue warrant is no longer in effect. Applicant's requested relief

5

bears out the mootness argument. He has asked for a new trial or to reverse his convictions. Applicant's trial, conviction, and sentence had nothing to do with his habeus corpus petition, which was based on whether the Parole Board should have recalled its warrant. The misdemeanors that Applicant was on trial for were irrelevant as to whether the blue warrant was still valid.

## b. THE TRIAL COURT DID NOT HAVE AUTHORITY TO RULE ON APPLICANT'S WRIT.

LEGAL STANDARD

County courts at law have original jurisdiction over misdemeanors over which exclusive jurisdiction is not given to the justice courts, and when the fine to be imposed is over 500 dollars. Tex. Code Crim. Proc. Art. 4.07 (2013). A person charged with a misdemeanor may apply for a writ of habeus corpus to the county judge in the county where the misdemeanor is alleged to have been committed. Tex. Code Crim. Proc. Art 11.09 (2013). A writ for habeus corpus is the remedy given to a person who is unlawfully restrained in their liberty. Tex. Code Crim. Proc. Art 11.01 (2013). A county court at law can only have jurisdiction over the writ when the restraint is based on a conviction or accusation of a misdemeanor. *Ex parte Schmidt*, Tex.Crim.App. 109 S.W.3d 480, 483 (2003).

The Court of Criminal Appeals has the exclusive jurisdiction over a post-conviction writ of habeus corpus in felony cases. *In re Vincent Friemel*, No. 07-08-0216-CV, 2008 WL 2346396 (Tex.Crim.App-Amarillo June 4, 2008), ctg. *Board of Pardons and Paroles ex. Rel. Keene v. Court of Appeals for the Eight*

6

*Dist.,* 910 S.W.2d 481, 483 (Tex.Crim.App. 1995); Tex. Code Crim. Proc. Art. 11.07(3) (Verson Supp. 2007); see also *Ex parte Hoang* 872 S.W.2d 694 (Tex.Crim.App 1993). Parole is a form of restraint which allows the applicant to pursue remedies under the Texas Code of Criminal Procedure 11.07. *Board of Pardons and Paroles ex Rel. Keene* 910 S.W.2d at 483, ctg. *Ex Parte Elliot*, 746 S.W.2d 762 (Tex.Crim.App. 1988). If the parole has been unlawfully revoked, the applicant must first bring it to the attention of the court where the applicant received his final conviction. *Board of Pardons and Paroles ex Rel. Keene* 910 S.W.2d at 483. The convicting court must then review the writ, and if the applicant has not shown any facts that would question the underlying validity of the conviction, the court clerk must then transmit a copy of the writ to the Court of Criminal Appeals within 20 days. *Id*, citing Tex. Code Crim. Proc. Art. 11.07(3).

PRESENT CASE

In the present case, the Applicant was being held on a parole revocation, not a misdemeanor. The Applicant has argued that the blue warrant should have been lifted once the felony charge was dismissed. A blue warrant is an arrest warrant issued by the Parole Board for a parolee who is suspected of violating their parole. See *Ex part White*, 400 S.W.3d 92, 93 (Tex.Crim.App. 2013). Applicant was not challenging the misdemeanors that he had been accused of, but the Parole Board's continuing custody over him.

Applicant was a parolee who necessarily must have had a final felony conviction. Therefore, the proper court, and indeed the only court with authority

7

to hear Applicant's writ, was the Court of Criminal Appeals.  The Applicant should have sent the writ to the court that convicted him of the felony for which he was on parole for, and which would have then forwarded on to the Court of Criminal Appeals.  County courts do not have jurisdiction to hear issues related to parole revocations.

Even if this Court wanted to grant Applicant the relief he requests, it could not. Court of appeals can only grant writs in cases where the applicant has been committed in a civil court proceeding. *Ex Parte Layton*, 928 S.W.2d 781 (Tex.Crim.App.-Amarillo 1996). Furthermore, the applicant must be physically located in the same district as the appellate court. *Id.* Since this is not a civil case, and the Applicant is located in a county served outside of the 7th Court of Appeals jurisdiction, relief cannot be granted to the Applicant.

c. **EVEN IF THE TRIAL COURT HAD JURISDICTION OVER THE WRIT, IT WAS JUSTIFIED IN DENYING IT**

LEGAL STANDARD

An appellate court reviews the denial of a writ for habeus corpus de novo, if the resolution of the writ turns on an application of legal standards. *Ex parte Okere,* 56 S.W.3d 846, 854 (Tex.Crim.App 2001). Texas Government Code Section 508.282(a)(1)(a) states that charges against a parolee must be resolved before the 41st day after the warrant is executed, if the parolee has only been charged with an administrative violation and no charges for an offense involving anything other than a Class C misdemeanor have been filed. (2013). An

8

administrative violation is defined as a technical violation of parole which does not allege criminal conduct. 2014 Tx. Reg. Text 359502 (NS) (2014). A parolee who is the subject of a warrant may be held in custody pending a determination of the facts around the alleged offense, violation of a rule, or condition of release. Tex. Gov. Code Art 508.254(2) (2015).

PRESENT CASE

The blue warrant was valid because it was not based on an administrative offense. Applicant argues that because the blue warrant was not released after 41 days, it should have been released. However, the Parole Board was only required to release the warrant if the Applicant had only committed a technical violation and no charges were brought after the warrant was executed. Here, the Parole Board was not alleging a technical violation but a criminal one: that he had assaulted another person.

Applicant has further argued that because the title of the violation was for Aggravated Assault with a Deadly Weapon, the blue warrant should have been withdrawn once the felony charge was dismissed. The Parole Board is not automatically prohibited from revoking a parolee's parole simply because the charges against the parolee have resulted in something other than a conviction. See *Knight v. Estelle*, 501 F.2d 963, 964 (U.S. Fifth. Cir. 1974) ("a parole revocation hearing is not a criminal proceeding. Its purpose is not to assess guilt or to assign blameworthy acts to the various discrete pigeonholes of the criminal laws. Rather

9

it is held to determine whether the attempt by parole to restore the parolee to the ranks of the carriers and remove him from those of the carried has failed.")

Furthermore, Applicant's argument ignores the substance of the violation. The summary of the violation report stated that the Applicant had assaulted Patricia Peek, as corroborated by an incident report filed by Office Renner of the Amarillo Police Department. *Exhibit 1*. To the Parole Division, the actual criminal charge was not so important as the Applicant's actual conduct. It was issued in good faith by the Parole Board. To give the Applicant his asked-for relief would result in a windfall based on how the Parole Division chose to title a violation of a parolee, and which would result in a gross perversion of the law.

## CONCLUSION

Appellant's contentions are without merit. The trial court did not have the authority to rule on his writ, and even if it had, Applicant's writ was rightly denied.

## PRAYER

Wherefore, the State of Texas prays that the Court denies Applicant's appeal.

Respectfully submitted,

**C. SCOTT BRUMLEY**
Potter County Attorney


/S/ J. William Richmond
**J. WILLIAM RICHMOND**

10

Assistant County Attorney
500 S. Fillmore, Room 303
Amarillo, TX 79101
State Bar No. 24085552
Phone: (806) 379-2255
Fax: (806) 379-2215
Email: williamrichmond@co.potter.tx.us

## CERTIFICATE OF COMPLIANCE

I certify that this document brief was prepared with Microsoft Word 2010, and that, according to that program's word-count function, the sections covered by TRAP 9.4(i)(1) contain 2,222 words.

/S/ J. William Richmond
Assistant County Attorney

## CERTIFICATE OF SERVICE

A true copy of the State's brief was delivered to counsel for Appellant, Brooks Barfield Jr., on this 26th day of October, 2015.

/S/ J. William Richmond
Assistant County Attorney

11



# STATE OF TEXAS
## TEXAS DEPARTMENT OF CRIMINAL JUSTICE
### PAROLE DIVISION

## Violation Report

| | | | |
|---|---|---|---|
| **Report Date:** | 07/14/2014 | **VR Number:** | 11084263 |

## OFFENDER INFORMATION

**Name**
AINSWORTH,DANIEL LEE

| **TDCJ#/PIA#** | **SID#** | **FBI#** | **OOS#** |
|---|---|---|---|
| 00615301 | 02548731 | 799344DA5 | |

**Legal county of residence**
ROBERTSON

## PRESENT OFFENSES

| Offense Date | ID Offense Description | Sentence | Conviction County |
|---|---|---|---|
| 12/02/1991 | DEL C/S COCAINE | 60Y 0M 0D | ROBERTSON |

## GENERAL INFORMATION

| **Report Type** | **Absconder** | **Case Type** | **Caseload Category** |
|---|---|---|---|
| Violation | NO | Texas | Substance abuse |

| **Supervision Level** | **Number of Warrants** | **Release date** | **Maximum expiration date** |
|---|---|---|---|
| SI-1 | 9 | 09/05/2007 | 09/01/2055 |

**Offender Status**
Pre-Revocation - In Custody

## INVESTIGATIVE CONTACTS

**Last home contact**
05/22/2014

**Last face-to-face contact**
10/07/2014

**Attempted home contact**
06/22/2012

**Law enforcement contact**
06/10/2014

## ALLEGATION(S)

The offender was read and explained each of the rules and conditions of release on 11/10/2011

Information contained herein may be confidential and privileged and shall not be disclosed except as allowed by law.


## Violation Report

**Name** AINSWORTH,DANIEL LEE                    **SID #** 02548731   **TDCJ #** 00615301
**Report Date:** 07/14/2014                      **VR Number:** 11084263

**Rule 2 - Offense against state laws. I shall commit no offense against the laws of this state or of any other state or of the United States.**

**On or About or Since**              **At or about**
02/27/2014                            Potter County, Texas

**Complainant/Adjudication/Other**
Aggravated Assault with a deadly weapon. Patricia Peek.

**Summary**
On November 10,2011 while at the Houston 2 District Parole office, parole officer Frances Ham instructed offender, Daniel Ainsworth to commit no offense against the laws of this state or of any other state or of the united states. On February 27, 2014, Police Officer Sy Slover, Amarillo Police Department, reported the offender assaulted Patricia Peek on February 27, 2014, at 7101 Wolflin Ave Apt# 1113, Amarillo, Texas.

**NCIC Offense Category**
ASSAULT

**Type of charge**              **NCIC Offense Description**
Felony                          AGG ASSAULT W/DEADLY WEAPON

**County or Municipal Offense Description**

**Status of charges**       **Date Charges Filed**    **Cause#**         **Offense Report#**
Pending [P]

**Court date Set?**         **Court#**                **Court Type**     **County of court**
NO

**Officer Notified of**     **Sentence**
**Disposition of**
**Pending Charges?**        0Y 0M 0D

---

ARREST INFORMATION

**In Custody**              **Arresting Agencies**    **Current Facility Custody**
YES                         SO BRAZOS CO              BRAZOS COUNTY JAIL II
                                                     1835 SANDYPOINT RD
                                                     BRYAN, TX 778030000

**Bond Posted?**            **Bond Amount**           **Facility ORI Number**
NO                          $        0.00

---

Information contained herein may be confidential and privileged and shall not be disclosed except as allowed by law.