

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-42,338-04

### EX PARTE DEMOND LAMONT WILSON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. WRIT008761 IN THE 354TH DISTRICT COURT
### FROM HUNT COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated robbery and sentenced to twenty years' imprisonment.

Applicant contends that he is being denied credit for time spent on parole prior to revocation during which he was restrained by a pre-revocation warrant (blue warrant). Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Canada*, 754 S.W.2d 660, 668 (Tex. Crim. App. 1988); *Ex parte White*, 400 S.W.3d 92. 94 (Tex. Crim. App. 2013). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez,* 334 S.W.2d 294, 294 (Tex. Crim.

App. 1960), the trial court is the appropriate forum for findings of fact.

The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to file an affidavit listing Applicant's sentence begin dates and the dates of issuance and execution of any parole-revocation warrants. The affidavit should state whether or not Applicant is receiving credit for any of the time spent on parole and should specify whether Applicant has been credited for time spent awaiting revocation hearings.

The trial court may also order depositions, interrogatories or a hearing. In the appropriate case, the trial court may rely on its personal recollection. *Id*. If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether Applicant is receiving the proper amount of time credit for time spent on parole, held under authority of pre-revocation warrants. The trial court shall make specific findings determining if Applicant was "confined" by the pre-revocation warrant before it was executed because it made him ineligible to be released on bail for new Dallas County charges. If so, the trial court shall make a finding determining the date Applicant was restrained by the pre-revocation warrant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or

deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: August 24, 2016
Do not publish