**Opinion filed April 4, 2024**



In The

# Eleventh Court of Appeals

_____

## No. 11-24-00079-CR

_____

## IN RE JAMES FLORES

**Original Mandamus Proceeding**

### MEMORANDUM OPINION

Relator, James Flores, has filed a pro se petition for writ of mandamus in this court. He asks that this court "grant immediate relief by staying his incarceration." We construe Relator's filings as a request that we order his release from detention under a pre-revocation warrant issued by the Parole Division of the Texas Department of Criminal Justice, also referred to as a "blue warrant." *See Ex parte White*, 400 S.W.3d 92, 93 (Tex. Crim. App. 2013). We dismiss for want of jurisdiction.

To be entitled to mandamus relief, a relator must establish that: (1) the act sought to be compelled is a ministerial act not involving a discretionary or judicial

decision; and (2) there is no adequate remedy at law to redress the alleged harm. *In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding).

This court's authority to issue original writs of mandamus is limited. *See* TEX. CONST. art. V, §§ 5, 6 (intermediate courts of appeals only have original jurisdiction as prescribed by law); TEX. GOV'T CODE ANN. § 22.221 (West Supp. 2023). Section 22.221 of the Texas Government Code expressly limits mandamus jurisdiction of the courts of appeals to: (1) writs against a district court or a county court judge in the court of appeals' district; and (2) all writs necessary to enforce the court of appeals' jurisdiction. GOV'T § 22.221(a)–(c).

Relator has not asserted that a writ of mandamus ordering his release is necessary to enforce this court's jurisdiction. Furthermore, we have no general writ authority over the Texas Board of Pardons and Paroles, or Relator's parole officer whom he names in his filings. *See, e.g.*, *In re Aldridge*, No. 11-22-00061-CR, 2022 WL 969533, at *1 (Tex. App.—Eastland Mar. 31, 2022, orig. proceeding) (mem. op. not designated for publication); *see also In re Wilson*, No. 01-20-00557-CR, 2020 WL 6140178, at *1 (Tex. App.—Houston [1st Dist.] Oct. 20, 2020, orig. proceeding) (mem. op. not designated for publication). Because we do not have jurisdiction to issue a mandamus against any of the respondents named in Relator's petition, we must dismiss his petition.

Additionally, even if this court had authority to issue a writ of mandamus in this case, mandamus would not lie here. "To be entitled to mandamus relief, a party must have a clear right to the relief sought." *Ex parte Johnson*, 541 S.W.3d 827, 831 (Tex. Crim. App. 2017). The relevant statute specifies that a parolee "may be held in custody pending a determination of all facts surrounding the alleged offense, violation of a rule or condition of release, or dangerous behavior." GOV'T § 508.254(a) (West Supp. 2023). It permits a magistrate to release the parolee on

bond pending a hearing on a charge of parole violation under certain circumstances. *Id.* § 508.254(d). A parolee is eligible for release on bond by a magistrate if he has not been convicted of "an offense involving family violence." *Id.* § 508.254(e). Because Relator was convicted of burglary of a habitation with the intent to commit an assault—his former wife is the named victim of the offense—he has been convicted of an offense involving family violence. *See* TEX. PENAL CODE ANN. § 30.02(a) (West 2019); TEX. FAM. CODE ANN. §§ 71.003–.004 (West 2019); *see also Flores v. State*, No. 11-06-00295-CR, 2008 WL 1903787, at *1 (Tex. App.—Eastland May 1, 2008, pet. ref'd) (mem. op., not designated for publication).

Finally, the appropriate method to address Relator's claim that his detention is unjust is through an application for a writ of habeas corpus in the county of conviction, filed with the appropriate district court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2023). Accordingly, Relator's petition for writ of mandamus is dismissed for want of jurisdiction. All pending motions in this proceeding are overruled.


JOHN M. BAILEY
CHIEF JUSTICE


April 4, 2024

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

3