

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-16-00195-CR

BOBBY JACK WEST, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 84th District Court
Hutchinson County, Texas
Trial Court No. 11,171, Honorable William D. Smith, Presiding

December 18, 2017

OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Bobby Jack West, Jr. (appellant) appeals his convictions for burglary of a habitation, theft of a firearm, and felon in possession of a firearm. Through four issues, he contends that 1) his rights against double jeopardy were violated when he was convicted of both burglary of a habitation and theft, 2) a mistrial should have been granted when he was referred to as a "known narcotics user," and 3) the evidence was insufficient to prove he burglarized a habitation and possessed a firearm. We affirm.

*Background*

The circumstances began with the burglary of a home owned by S. Boren (Mrs. Boren). Three people were seen in her backyard and subsequently carrying away property. The property was later identified to belong to Mrs. Boren and her husband. It included rifles, tools, an ipad, and jewelry. Furthermore, a witness identified appellant as one of the three seen with the property as the group departed the residence. Following these events, the State indicted appellant.

The indictment contained four counts.[1] Through the first, it was alleged that appellant "did then and there intentionally and knowingly enter a habitation without the effective consent of [S.] BOREN, the owner, and therein attempted to commit and committed theft." The State alleged in the second count that he "unlawfully appropriate[d] property, to wit: a Springfield 9mm pistol . . . and a Bushmaster rifle . . . by exercising control over said property from [S.] BOREN without the effective consent of [S.] Boren, the owner, thereof, and with intent to deprive said owner of said property."[2] The accusation of appellant being a felon who unlawfully possessed the aforementioned firearms was encompassed within the third count. Upon trial by a jury, appellant was found guilty of each count.

*Issue Three – Sufficient Evidence of Burglary*

We begin with addressing appellant's third issue. Through it, he contends that the evidence was insufficient to establish, beyond reasonable doubt, that he burglarized a habitation. We overrule the issue.

---

[1] The fourth count was abandoned by the State prior to trial and is irrelevant here.

[2] The State later abandoned reference to the "Springfield 9mm pistol" in count two.

We most recently explained the pertinent standard of review in *Carroll v. State*, No. 07-15-00363-CR, 2017 Tex. App. LEXIS 8849, at *4-5 (Tex. App.—Amarillo Sept. 19, 2017, no pet.) (mem. op., not designated for publication). We apply that standard here.

Next, the State charged appellant with violating § 30.02(a)(3) of the Texas Penal Code. Under that statute, a person commits an offense "if, without the effective consent of the owner, the person . . . enters a building or habitation and commits or attempts to commit a . . . theft." TEX. PENAL CODE ANN. § 30.02(a)(3) (West Supp. 2017). Furthermore, a person commits theft if he unlawfully appropriates property with intent to deprive the owner of it. *Id.* § 31.03(a). The elements of these two statutes were incorporated into both the indictment and the jury charge on guilt / innocence.

Also included in the jury charge was an instruction on the law of parties. That is, the trial court informed the jury that a person is "criminally responsible for an offense committed by the conduct of another if, acting with intent to promote, or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense." *See id.* § 7.02(a)(2) (so defining liability as a party to a crime committed by another person). Given this charge, the State was not necessarily obligated to prove that appellant himself entered the habitation to secure his conviction for burglary. As said in *Powell v. State*, 194 S.W.3d 503 (Tex. Crim. App. 2006), "an individual may be guilty of burglary of a habitation even though he does not personally enter the burglarized premises if he is acting together with another in the commission of the offense." *Id.* at 506-07; *accord Riden v. State*, No. 05-16-00096-CR, 2017 Tex. App. LEXIS 3657, at *11 (Tex. App.—Dallas Apr. 25, 2017 no pet.) (mem.

3

op., not designated for publication) (stating the same). With this said, we turn to the evidence of record.

Taken from within the home of Mrs. Boren was miscellaneous jewelry, a class ring, a watch, an ipad, and diamond bracelet. An AR-15 Bushmaster rifle and accompanying case, a 9mm Springfield handgun and accompanying case, and tools within a small case were also taken. Furthermore, entry into the abode was gained via a backdoor that was seldom used; and an officer would later testify that it was reportedly "kicked-in."

About the time the aforementioned items were taken, a witness saw two males and a female enter the backyard of the home. Several minutes later the same witness saw the female and one male exit the yard and leave in different directions. The male wore blue jeans, a camouflage hat, and a t-shirt as he walked behind the car in which the witness sat. The witness turned to watch him pass and noticed him carrying a long black gun case and two smaller black cases. Though the witness did not "fully recognize" the person at first, she saw the same male later standing next to a police officer, recognized him, and identified him as her cousin, i.e. appellant.

The police had found appellant in the passenger seat of a car next to a shed. A female sat next to him in the driver's seat. It happened that the car was parked next to the yard of a residence several blocks from the Boren house. During this encounter with appellant, an officer noticed that appellant wore blue jeans and a t-shirt. Though he appeared bare-headed, a camouflage cap was discovered within feet of appellant outside the car and on the ground.

4

Appellant subsequently exited the car while sweating profusely and gave the officers consent to search one of his pockets. Therein, the officers discovered the diamond bracelet belonging to Mrs. Boren and taken that morning from her house. A search of the area and nearby shed also uncovered a long black gun case containing the Bushmaster rifle, a small gun case holding the 9mm pistol, and the tool kit removed from the Boren house. Officers also found latex gloves in the back seat of the vehicle.

Other officers would eventually conduct a search of the residence at which the car was located. That search would uncover Mr. Boren's ipad and Mrs. Boren's jewelry, including her class ring. A male and female (Rendon and Whinery, respectively) were also found trying to hide in different parts of the house as the police conducted their search.

Mr. and Mrs. Boren testified that they did not know appellant, Rendon, or Whinery. So too did they deny giving any of them permission to remove property from their home.

Evidence of the rear door of the Boren house being forcibly opened; of two males and a female being in the Boren backyard; of appellant being one of the three; of appellant carrying away a rifle, a handgun, and a tool kit previously within the home; of appellant possessing the stolen diamond bracelet in his pocket; of the rifle, handgun, and tool kit being found in or by a shed within feet of appellant; of other property taken from the Boren home being found within the house wherein another male and female attempted to avoid discovery by the police; and of the three lacking permission from the Boren's to possess the property is some evidence from which a rational fact-finder could reasonably infer, beyond reasonable doubt, that appellant was, at the very least, a party

5

to the burglary of Mrs. Boren's home.  There was ample evidence of entry without permission coupled with the commission of a theft.

*Issue Four – Sufficient Evidence of Felon Possessing a Firearm*

We next address the argument that the State failed to prove that appellant, a felon, possessed a firearm.  He posits that no evidence linked him to the firearms taken from the Boren house.  The litany of evidence we described above negates the contention, however.  Appellant's not only wearing the clothes that matched the male who carried away the long black gun case holding the Bushmaster AR-15 rifle described in the indictment but also being identified by his cousin as the person who carried away the item was some evidence enabling a rational jury to conclude, beyond reasonable doubt, that appellant possessed the rifle.  We overrule the issue.

*Issue Two – Mistrial*

Next, we address appellant's second issue wherein he asserts that the trial court erred when it refused to grant him a mistrial.  He believed himself entitled to same after a police officer said he knew appellant used drugs.  The trial court sustained appellant's objection to the comment and directed the jurors to disregard it.  Yet, the court did not grant appellant a mistrial after he requested same.  Appellant suggests that the utterance was so inflammatory and prejudicial that the trial court's instruction to disregard was insufficient to cure such adverse impact caused by the comment; thus, he should have been granted a mistrial.  We overrule the issue.

The record discloses that an officer other than the one who made the aforementioned comment testified at trial as well.  That officer also happened to allude to appellant as a possible abuser of narcotics.  This occurred when the policeman

6

described appellant as sweating profusely. When asked why one would so sweat, the witness replied: "either that someone was exerting themselves or possibly that there was *narcotics*." No one objected to this comment, thus, it lay before the jurors to consider as they sought fit. *See Van Anden v. State*, No. 07-16-00180-CR, 2016 Tex. App. LEXIS 13136, at *7-8 (Tex. App.—Amarillo Dec. 9, 2016, no pet.) (mem. op., not designated for publication) (holding that because no one objected to the evidence and the trial court did not condition its admission in any way, it was before the jury for all purposes). So, any harm caused by the first officer's comment was cured when the second officer also injected into the trial, without objection, the topic of appellant's potential drug use. *See Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003) (stating that error in the admission of evidence is cured when the same evidence comes in elsewhere without objection).[3]

*Issue One – Double Jeopardy*

The next and final issue we address is the contention that the Fifth Amendment prohibition against twice punishing someone for the same offense was violated. This violation allegedly occurred when the State indicted appellant for and the jury convicted him of both burglary under count one and theft under count two. We overrule the issue.

Normally, a claim of double jeopardy must be preserved. One does this by raising the matter "at or before the time the charge [is] submitted to the jury." *Gonzalez v. State*, 8 S.W.3d 640, 642 (Tex. Crim. App. 2000) (stating that "we agree with the Court of Appeals that appellant had the burden to 'preserve, in some fashion, a double

---

[3] Our consideration of the objectionable comment, the evidence of appellant's guilt, and other pertinent data in the record also leads us to conclude that the comment did not give rise to the type of prejudice deemed incurable by an instruction to disregard. Thus, we would be unable to find that the trial court erred in denying a mistrial even if the second officer withheld his comment at trial.

7

jeopardy objection at or before the time the charge [was] submitted to the jury'"); *Kalie v. State*, No. 09-11-00352-CR, 2012 Tex. App. LEXIS 5112, at *7-8 (Tex. App.—Beaumont June 20, 2012, no pet.) (mem. op., not designated for publication). That was not done here. Rather, appellant raised the claim via a motion for new trial after being tried, convicted, and sentenced. So, he failed to preserve his complaint. Yet, there is an exception to the preservation rule described in *Gonzalez*.

As said in *Ex parte Denton*, 399 S.W.3d 540 (Tex. Crim. App. 2013), "a double-jeopardy claim may be raised for the first time on appeal or on collateral attack if two conditions are met: 1) the undisputed facts show that the double-jeopardy violation is clearly apparent on the face of the record; and 2) when enforcement of the usual rules of procedural default serves no legitimate state interest." *Id.* at 544-45. The court further explained that the claim is apparent on the face of the record if its resolution does not require additional proceedings for the purpose of introducing more evidence to support it. *Id.* Yet, our Court of Criminal Appeals cautioned, in *Langs v. State*, 183 S.W.3d 680 (Tex. Crim. App. 2006), that the fact a jury's verdict "*could* have relied on a theory that would violate the Double Jeopardy Clause, is not sufficient to show a constitutional violation is 'clearly apparent on the face of the record.'" *Id.* at 687 (emphasis in original). That is the situation here, as we will explain.

There are three distinct types of double jeopardy claims. The first encompasses a second prosecution for the same offense after an acquittal while the second and third involve another prosecution for the same offense after a conviction and multiple punishments for the same offense, respectively. *Bigon v. State*, 252 S.W.3d 360, 369

8

(Tex. Crim. App. 2008). Appellant attempts to place his convictions under count one and two within the latter of the three types of jeopardy.

He observes that authority generally prevents an accused charged with burglary under § 30.02(a)(3) of the Penal Code from being punished for both the burglary and the commission of the underlying offense on which the burglary was dependent. Admittedly, the proposition has the support of authority. *See, e.g.*, *Duran v. State*, 492 S.W.3d 741, 745 (Tex. Crim. App. 2016) (holding that a defendant may not be punished for both the underlying felony and burglary if the burglary allegation is that the defendant entered a home and then committed the underlying felony); *Langs*, 183 S.W.3d at 686 (holding the same). So, because the State charged appellant via count one with burglary by entering the habitation of Mrs. Boren and attempting to or committing a "theft" and via count two with theft of Mrs. Boren's "Bushmaster rifle" taken during the burglary, he allegedly was being punished twice for the same offense per *Duran* and *Lang.* That is where the argument begins to falter, though.

The gravamen of theft is the ownership and deprivation of "**specific** property." *Byrd v. State*, 336 S.W.3d 242, 257 (Tex. Crim. App. 2011) (emphasis added). This is why the jury charge in a case of theft must not only name the owner of the property taken but also describe the property; such information is "necessary both to give the defendant notice of the charged offense and to protect him against double jeopardy." *Id.* Consequently, the combination of those two elements (i.e. ownership and specific property) generally determines the unit of prosecution. *Johnson v. State*, 364 S.W.3d 292, 297 (Tex. Crim. App. 2012) (stating that "[t]heft has two gravamina: the property and ownership" and while "[t]hese elements alone do not always define the allowable

9

unit of prosecution for theft (property can be jointly owned) . . . the allowable unit of prosecution can at least be derived from the combination of these elements"). So, "different property taken from different persons are different thefts," *Johnson*, 364 S.W.3d at 297, even if the property were taken from the different owners during the same incident.

For instance, in *Iglehart v. State*, 837 S.W.2d 122 (Tex. Crim. App. 1992), the defendant was being tried for misdemeanor theft of property belonging to Robert LaVaye and felony theft of property belonging to Valerie LaVaye. Moreover, the property was taken during the same burglary of the LaVaye home. *Id.* at 124-25. Given these circumstances, the defendant asserted that his constitutional protection against double jeopardy was being violated due to the multiple prosecutions. The Court of Criminal Appeals disagreed. It did so because the misdemeanor prosecution required proof that Iglehart "appropriated a typewriter and pistol with the intent to deprive the owner, Robert LaVaye, of said property" while "the felony theft prosecution would require proof that appellant appropriated a fur coat and certain stereo equipment with the intent to deprive the owner, Valerie LaVaye, of said property." *Id.* at 128. "Each offense requires the State to prove facts not essential to the other prosecution, namely the items stolen and the ownership thereof." *Id.* "[T]he theft from Valerie LaVaye could be successfully prosecuted without the need to prove that her father's separate property was taken during the same transaction." *Id.* So, appellant was not being punished twice for the same offense, for purposes of double jeopardy. *Id.*

Applying *Iglehart* and *Johnson* here leads us to conclude that the double jeopardy claim of appellant is not clear from the record. This is so because the unit of

10

prosecution described in the theft charge memorialized in count two was the Bushmaster rifle allegedly owned by Mrs. Boren. Yet, as discussed above, the record illustrates that appellant took more than that rifle. While he committed one burglary, the latter involved the taking of multiple items of property (e.g., ipad, class ring, two firearms, tools and miscellaneous jewelry) from different owners of those items (e.g., Mr. Boren and his ipad and tool kit and Mrs. Boren and her class ring). More importantly, neither the indictment nor the jury charge described the specific property taken or its owner when alluding to the theft elemental to the burglary charged in count one. So, the jury was not obligated to find that the "theft" mentioned in count one encompassed the Bushmaster rifle of Mrs. Boren. It could well have found appellant guilty of burglary because he stole Mr. Boren's ipad or tools or some other property of Mrs. Boren.[4] And, given that his ipad and tools formed a separate unit of prosecution, appellant could have been prosecuted and convicted of stealing both Mr. Boren's ipad and Mrs, Boren's rifle without implicating double jeopardy. *See Iglehart v. State*, *supra.*

Simply put, the elements of the theft in count two may not have been the elements of the theft in count one, and the appellate record does not clarify the matter. Maybe the jury found that appellant took Mrs. Boren's rifle for purposes of both thefts. Maybe they found that he took Mr. Boren's ipad or tools for purposes of the theft in count one. We do not know. At the very least, additional proceedings would be needed to determine the basis of the jury's finding of theft under count one, assuming of course that such proceedings could even take place. Consequently, appellant's claim of

---

[4] Indeed, the trial court included in its jury charge and instruction on the lesser included offense of mere theft immediately after the application paragraph on burglary. Consideration of the lesser offense was conditioned on the jury finding appellant "not guilty" of burglary, and the unit of prosecution described in it consisted of Mrs. Boren and her diamond bracelet.

11

jeopardy is not apparent on the face of the record for purposes of allowing us to address it under *Denton*.  In other words, it was not sufficiently preserved for review.

Having overruled each of appellant's issues, we affirm the three judgments executed by the trial court.


Brian Quinn
Chief Justice